UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KE'MON CHAPMAN, on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br><br> - against -<br><br>CITY WINERY NY– PIER 57, LLC,<br><br>        Defendant. | 23-cv-02778-LGS |

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant City Winery NY – Pier 57, LLC, ("Defendant" or "City Winery"), by and through its attorneys, Akerman LLP, for its Answer to Plaintiff's Complaint filed April 3, 2023 (the "Complaint") (ECF Doc. No. 1), states and alleges as follows:

### **RESPONSE TO "JURISDICTION AND VENUE"**

1.   Paragraph 1 of the Complaint is not a factual allegation to which a response is required as it calls for a legal conclusion. To the extent a response is deemed required, Defendant denies the allegations set forth in paragraph 1 of the Complaint.

2.   Paragraph 2 of the Complaint is not a factual allegation to which a response is required as it calls for a legal conclusion. To the extent a response is deemed required, Defendant denies the allegations set forth in paragraph 2 of the Complaint.

## RESPONSE TO "THE PARTIES"

3. Defendant denies the allegations set forth in Paragraph 3 of the Complaint.

4. Defendant denies the allegations set forth in Paragraph 4 of the Complaint, except admits that during the years relevant to this Complaint, City Winery had an annual gross volume of sales in excess of $500,000.

5. Defendant admits the allegations set forth in Paragraph 5 of the Complaint.

## RESPONSE TO "FLSA COLLECTIVE ACTION ALLEGATIONS"

6. Defendant denies the allegations set forth in Paragraph 6 of the Complaint, except admits that Plaintiff purports to proceed as alleged therein.

7. Defendant denies the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant denies the allegations set forth in Paragraph 8 of the Complaint.

## RESPONSE TO "RULE 23 CLASS ALLEGATIONS – NEW YORK"

9. Defendant denies the allegations set forth in Paragraph 9 of the Complaint, except admits that Plaintiff purports to proceed as alleged therein.

10. Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant denies the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant denies the allegations set forth in Paragraph 13 of the Complaint, except denies knowledge or information sufficient to either admit or deny whether Plaintiff's counsel "are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases."

14. Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth in Paragraph 16 of the Complaint, including subparagraphs (a) through (e) alleged therein.

### **RESPONSE TO "FACTS"**

17. Defendant denies the allegations set forth in Paragraph 17 of the Complaint, except admits that Plaintiff purports to proceed as alleged therein.

18. Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint. Additionally, paragraph 21 of the Complaint does not contain factual allegations to which a response is required as it calls for a legal conclusion, and Defendant respectfully refers the Court to the statutes and regulations, as applicable, relating to the "NY Minimum Wage" and "foodservice workers minimum wage" during the relevant time-period.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant admits the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

**RESPONSE AS TO "FIRST CLAIM FOR RELIEF"**
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq*.**
**Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

34. Defendant repeats its responses set forth in Paragraphs 1 through 33 of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph 34 of the Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of the Complaint, except admits only that Plaintiff, on occasion, worked more than forty (40) hours per workweek during his employment with Defendant.

36. Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of the Complaint, except admits that Plaintiff purports to proceed as alleged therein.

**RESPONSE AS TO "SECOND CLAIM FOR RELIEF"**
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq*.**
**Brought by Plaintiff on Behalf of Himself and the Class)**

39. Defendant repeats its responses set forth in Paragraphs 1 through 38 of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph 39 of the Complaint.

40. Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41. Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

42. Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

### RESPONSE AS TO "THIRD CLAIM FOR RELIEF"
**(New York Overtime Violations,**
**N.Y. Lab. L. § 650 *et seq*., N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4 Brought by**
**Plaintiff on Behalf of Himself and the Class)**

43. Defendant repeats its responses set forth in Paragraphs 1 through 42 of this Answer by reference as if fully set forth in response herein to the allegations set forth in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint is not a factual allegation to which a response is required as it calls for a legal conclusion.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

### RESPONSE AS TO "PRAYER FOR RELIEF"

47. To the extent not otherwise denied, Defendant denies Plaintiff is entitled to any relief or remedy specified in the "Wherefore" clauses set forth in the Complaint, including subparagraphs (A) through (J) alleged therein.

### AFFIRMATIVE DEFENSES

Defendant states the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff. Defendant also reserves the right to assert such additional defenses that may become applicable during the course of this litigation.

### FIRST AFFIRMATIVE DEFENSE

The Complaint as a whole and each and every purported cause of action alleged therein fails to state facts sufficient to constitute or state a claim against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

The claims of Plaintiff and any purported putative collective and/or class member are barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

The claims of Plaintiff and any purported putative collective and/or class member are barred by the equitable doctrines of waiver, laches, estoppel, and unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

The claims of Plaintiff and any purported putative collective and/or class member are barred by the doctrines of *res judicata* and/or collateral estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

The claims of Plaintiff and any purported putative collective and/or class member fail because they are or were tipped employees and Defendant is entitled to apply tips received from customers towards minimum wage requirements and complied with the provisions of federal and state law applicable to such tip credits.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff cannot establish that any alleged acts or omissions were willful, and/or not undertaken in good faith, under the FLSA and/or NYLL.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant is entitled to any and all offsets and/or set offs permissible by law.

**EIGHTH AFFIRMATIVE DEFENSE**

If Plaintiff or any purported putative collective and/or class member suffered any damages as a result of the matters alleged in the Complaint, such damages were caused in whole or in part

by their own culpable conduct. Any judgment recovered by Plaintiff or any purported putative collective and/or class member must be reduced in proportion to the extent that their culpable conduct contributed to the alleged damages.

### NINTH AFFIRMATIVE DEFENSE

Defendant has not willfully failed to pay Plaintiff or any purported putative collective and/or class member any wages and/or monies claimed due, and there is a *bona fide*, good faith dispute with respect to Defendant's obligation to pay any sum that may be alleged to be due.

### TENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and any purported putative collective and/or class member are barred to the extent that they have waived and released the right of recovery for claims, including through previous collective and/or class-wide settlements with Defendant and/or its affiliates.

### ELEVENTH AFFIRMATIVE DEFENSE

All claims are barred, in or whole in part, to the extent that they fall within any exemptions, exclusions, exceptions, or credits provided for in Sections 7 or 13 of the FLSA, 29 U.S.C. § 207 and 29 U.S.C. § 213, or any other exemption set forth in the FLSA, NYLL, or other applicable law and/or regulation.

### TWELFTH AFFIRMATIVE DEFENSE

All claims are barred, in whole or in part, by the provision of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States

Department of Labor and/or an administrative practice or enforcement policy of such agency with respect to the class of employees to which Plaintiff belonged.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and any purported putative collective and/or class member are barred due to the *de minimis* rule.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively and specifically pleads each and every defense, limitation, and immunity provided under either the FLSA or NYLL, including, but not limited to, that the claims alleged, in whole or in part, are not covered under the FLSA and/or NYLL.

### FIFTEENTH AFFIRMATIVE DEFENSE

At all relevant times hereto, Plaintiff and any purported putative collective and/or class member have been compensated in accordance with each and every provision of the FLSA, NYLL and their respective regulations. At no point relevant hereto, did Plaintiff or any purported putative collective and/or class member work any hours for which they were not compensated in accordance with that which is required by the FLSA and/or NYLL.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff seeks to assert claims on behalf of others who are not similarly situated for purposes of the FLSA and/or NYLL with respect to matters alleged in the Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring a proposed collective action under the FLSA or a purported class action under Fed. R. Civ. P. 23.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Court should not exercise supplemental jurisdiction over the counts in the Complaint that are purported to arise under New York State law.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively and specifically pleads each and every defense, limitation, and immunity provided under either the FLSA or NYLL, including but not limited to, that any claims by Plaintiff or any purported putative collective and/or class member, in whole or in part, are not covered under the FLSA and/or NYLL, such claims are barred by the affirmative defenses in NYLL §198 (1-b) and (1-d), and Plaintiffs had the required notice, provided the required statements, as set forth under NYLL § 195.

### TWENTIETH AFFIRMATIVE DEFENSE

Because the Complaint is phrased in conclusory terms, Defendant cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

**WHEREFORE**, Defendant respectfully demands judgment against Plaintiff as follows:

a. The Complaint be dismissed with prejudice and in its entirety;

b. Each and every prayer for relief set forth in the Complaint be denied;

c. Judgment be entered in favor of Defendant;

d. All costs, including reasonable attorneys' fees, be awarded to Defendant and against Plaintiff pursuant to applicable law; and

e. Defendant be granted such further relief as this Court deems just and proper.

Date:  New York, New York                              AKERMAN LLP
       May 25, 2023

                                                                         By: */s/ Paul J. Rutigliano*
                                                                              Paul J. Rutigliano, Esq.
                                                                              M. Adil Yaqoob, Esq.
                                                   1251 Avenue of the Americas, 37th Floor
                                                   New York, New York 10020
                                                   Tel.: 212.880.3800
                                                   Email:paul.rutigliano@akerman.com
                                                              adil.yaqoob@akerman.com

                                                 *Attorneys for Defendant*