JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 D. |
| Maimon Kirschenbaum | New  York,  NY  10004 |
| Denise Schulman | Phone   (212)   688-5640 |
| Josef Nussbaum | Fax   (212)   688-2548 |
| Lucas C. Buzzard | www.jk-llp.com |
| Leah Seliger | |
| Michael DiGiulio | |

July 19, 2023

**VIA ECF**

Judge Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     ***Chapman v. City Winery NY – Pier 57, LLC* – Case No. 1:23-cv-02778 –
Plaintiff's Letter Request for a Pre-Motion Conference**

Dear Judge Schofield:

We represent the Plaintiff in the above-referenced action. Pursuant to your Honor's Individual Rule III(A)(i), we write to request a pre-motion conference regarding Plaintiff's anticipated motion to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). *See* Ex. A.[1] Plaintiff requests that the Court address the issues raised in this letter at the currently scheduled conference on July 26. *See* Dkt. No. 24.

<u>**Background**</u>

Plaintiff filed his initial complaint on April 3, 2023. Dkt. No. 1. In this action, Plaintiff alleges that he worked for Defendant as a server in Defendant's restaurant and events space. Plaintiff alleges that Defendant paid him $10 per hour, which is less than the full New York minimum wage and which constitutes the food service workers' minimum wage. However, Plaintiff alleges that Defendant was not entitled to pay Plaintiff the food service minimum workers' minimum wage because every shift that he worked, he spent either more than 2 hours or 20% of their workday performing non-tipped side work. Further, Plaintiff alleges that he routinely worked over 40 hours in a week, and Defendant failed to pay him 1½ times the full New York minimum wage for overtime hours worked.

As such, Plaintiff asserts overtime claims under the Fair Labor Standards Act ("FLSA") and under the New York Labor Law ("NYLL") and minimum wage claims under the NYLL. Plaintiff brings this case as a collective action under 29 U.S.C. § 216(b) and a class action under Federal Rule of Civil Procedure ("FRCP") 23. Plaintiff filed a joint proposed stipulation allowing Plaintiff to file an Amended Complaint, which the Court so ordered on July 10, 2023. Dkt. Nos. 20, 21. On July 14, 2023, Plaintiff filed the Amended Complaint. ("Am. Compl.") Dkt. No. 23. The Amended Complaint contained additional factual allegations that Plaintiff worked off the clock time for Defendant for which he was never paid, which included overtime hours. Am. Compl. ¶¶ 30-34.

---

[1] Exhibit A contains a redline version of the proposed Second Amended Complaint. This redline version compares the proposed Second Amended Complaint with the Amended Complaint, filed July 14, 2023. *See* Dkt. No. 23.

The proposed Second Amended Complaint does not contain any additional material factual allegations, but simply adds a claim under NYLL § 195(3) for failing to provide Plaintiff with accurate wage statements. *See* Ex. A ¶¶ 52-54. This claim arises out of the additional facts asserted in the Amended Complaint that Plaintiff worked off the clock time for Defendant for which was never paid. This further amendment should be permitted pursuant to FRCP 15(a)(2).

## Legal Standard

FRCP 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that the "court should freely give leave when justice so requires." Whether to permit leave to amend is within the sound discretion of the district court, and ordinarily leave to amend should be granted in the absence of "undue delay, bad faith or dilatory motive on the part of the movant." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, the Court should freely grant Plaintiff's request because there is no undue delay, bad faith, or dilatory motive on the part of Plaintiff. Plaintiff timely seeks to amend his complaint a second time to add a single claim that is based on the facts alleged in his amended complaint, which he filed 5 days ago. There has been no delay.

Further, Defendant has suffered no prejudice. The case is at the beginning of discovery, and the addition of a single claim based on facts already asserted in the case would not prejudice Defendant in any way.

In addition, the proposed amendment is not futile. An amendment is futile where it would not withstand a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *F5 Capital v. Pappas*, 856 F.3d 61, 89 (2d Cir. 2017). On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in [plaintiff's] favor." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (alteration in original, original quotation marks omitted). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Here, the requested amendment is not futile because it adds a viable NYLL § 195(3) claim for failing to include all work hours on Plaintiff's wage statements. *See Cooper v. Cavalary Staffing, LLC*, 132 F. Supp. 3d 460, 466-469 (E.D.N.Y. 2015) (denying motion to dismiss NYLL § 195(3) claims where wage statements allegedly did not account for off the clock hours); *Tanski v. AvalonBay Cmtys., Inc.*, No. CV 15-6260, 2016 U.S. Dist. LEXIS 139223, at *36-37 (E.D.N.Y. Sept. 30, 2016) (denying motion to dismiss NYLL § 195(3) claims where wage statements allegedly reflect inaccurate work hours); *see also Metcalf v. TransPerfect Translations International, Inc.*, No. 19 Civ. 10104, 2023 U.S. Dist. LEXIS 54340, at *11-20 (S.D.N.Y. March 29, 2023) (granting leave to amend complaint to add NYLL § 195(3) claim for failing to provide wage statements that contained all hours plaintiff allegedly worked).

For the reasons contained herein, the Court should grant Plaintiff's request for a pre-motion conference and grant Plaintiff's motion for leave to file the proposed Second Amended Complaint pursuant to FRCP 15(a)(2). We thank the Court for its consideration of this matter.

Sincerely,

<u>/s/ Michael DiGiulio</u>
Michael DiGiulio
Denise Schulman
32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-688-2548

*Attorneys for Plaintiff*