

Paul J. Rutigliano

Akerman LLP
1251 Avenue of the Americas, 37th Floor
| New York, NY 10020
D: 212-259-6436 | C: 631-433-8580

July 21, 2023

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square, Room 1106
New York, NY 10007

       Re:     ***Chapman et al. v. City Winery NY-Pier 57, LLC***
                **<u>Case No.  1:23-cv-02778(LGS)</u>**

Dear Judge Schofield:

We represent defendant City Winery NY-Pier 57, LLC ("Defendant" or "City Winery") in the above-captioned matter. Pursuant to Your Honor's Individual Rules and Practices, Defendant respectfully submits this letter in response to Plaintiff's July 13, 2023 letter requesting a pre-motion conference in connection with his intention to: (i) move to conditionally certify a Fair Labor Standards Act ("FLSA") collective consisting of all service employees employed at City Winery on or after April 4, 2020; (ii) order Defendant to produce certain identifying information about potential Opt-In Plaintiffs to facilitate the dissemination of notice of this action; and (iii) approve Plaintiff's proposed notices and plan of notice.  For the reasons set forth below, Defendant will be opposing Plaintiff's anticipated motion, if permitted, and respectfully requests that the Court deny Plaintiff's request to make such motion.

**The Court Should Deny Plaintiff's Proposed Motion to**
**<u>Conditionally Certify an FLSA Collective Action</u>**

Plaintiff asserts two theories of liability for his collective-wide FLSA claims: (1) managers allegedly routinely clocked him and other service employees out of work prior to the end of their shifts; and (2) City Winery was not entitled to apply a tip credit because Plaintiff and other service employees allegedly spent either more than two (2) hours or 20% of their workdays performing non-tipped sidework.  Plaintiff cannot establish entitlement to conditional certification under either of these theories.

While the factual showing that a plaintiff must make at the conditional certification stage

The Honorable Lorna G. Schofield
July 21, 2023
Page 2

_____

is sometimes referred to as "modest," it still must be "sufficient to demonstrate that [he] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Levinson v. Primedia Inc*., No. 02 Civ. 222 (CBM), 2003 WL 22533428, at *1 (S.D.N.Y. Nov. 6, 2003). In other words, Plaintiff must "provide actual evidence of a factual nexus between his situation and the persons he claims are similarly situated." *Guillen v. Marshalls of MA*, 841 F. Supp. 2d 797, 801 (S.D.N.Y. 2012) (quotation omitted)

Plaintiff cannot establish entitlement to conditional collective certification. First, Plaintiff will not be able to offer a shred of evidence that all service employees were required to work off-the-clock nor does he present any evidence of a corporate policy which supports his claim. In fact, City Winery's corporate policies explicitly require that all work be performed on-the-clock and do not require tipped workers to perform non-tipped work for at least two (2) hours or 20% of their shifts. *See Stewart v. Hudson Hall LLC*, No. 20CIV885PGGSLC, 2021 WL 1750368, at *9 (S.D.N.Y. May 4, 2021) ("[f]irst, the Handbook's prohibition of off-the-clock work indicates the opposite—that Defendants had a common policy not to allow such work"); *Eng-Hatcher v. Sprint Nextel Corp*., No. 07 Civ. 7350 (BSJ), 2009 WL 7311383, at *3 (S.D.N.Y. Nov. 13, 2009) (denying conditional collective certification where defendant "maintain[ed] official corporate policies that prohibit working off-the-clock" and therefore plaintiff could not show that defendant had "a common plan or practice requiring . . . uncompensated overtime").

Second, certification is also improper because the Court will necessarily be required to conduct a highly individualized inquiry into the specific circumstances of the employment of Plaintiff, as well as each member of the putative collective, to resolve Plaintiff's claims. Here, Plaintiff's FLSA claims are premised on the notion that he was required to work a portion of the time off-the-clock for which he was not compensated and that he was required to work an excessive amount of non-tipped sidework. Notably, this is not based on any written policy or plan City Winery maintains, but rather Plaintiff's own, uncorroborated and anecdotal allegations. *See Stewart*, 2021 WL 1750368, at *9 ("[t]he absence of any sworn, corroborating statements from Stewart's co-workers undermines his assertion that Defendants had a policy of requiring off-the-clock work"); *Barfield v. New York City Health and Hosps. Corp*., No. 05 Civ. 6319 (JRS), 2005 WL 3098730, at *1 (S.D.N.Y. Nov. 18, 2005) (denying collective certification where "plaintiff present[ed] nothing but limited anecdotal hearsay to suggest that there is a widespread practice" that violated FLSA); *Eng-Hatcher*, 2009 WL 7311383, at *3 (finding that plaintiff's "anecdotal hearsay" about her conversations with other employees failed to "persuasively show that [defendant] likely has a common plan or practice" of requiring uncompensated overtime). The resolution of such claims will inevitably require the Court to consider whether or not plaintiff and each putative collective member was properly compensated for the hours they actually worked and will unavoidably necessitate a, employee-by-employee, manager-by-manager analysis to determine which, if any, managers disregarded City Winery's policies. *See Diaz v. Elecs. Boutique of Am., Inc*., 2005 WL 2654270, *5 (W.D.N.Y. Oct. 17, 2005) ("Diaz's allegations-viz., that he worked 'off-the-clock' without compensation and that his timesheets were altered to delete overtime hours worked-are too individualized to warrant collective action treatment . . . Diaz's off-the-clock claims require an examination by the Court of when he was scheduled to work, when

The Honorable Lorna G. Schofield
July 21, 2023
Page 3

_____

he actually worked, whether he was paid for such and whether Ostrander altered his timesheets and, then, the Court would to have conduct the same inquiry as to each other class member.").

Third, Plaintiff has failed to demonstrate that he and the putative collective are similarly situated.  Plaintiff, who was employed only as a server from July 2022 through March 2023, seeks to certify an overly broad collective consisting of "all service employees," employed by City Winery since April 2020.  There is no evidence that employees in any other positions are similarly situated to Plaintiff with respect to wage practices. Plaintiff's motion should be denied because Plaintiff cannot not establish, even under the lenient standard, that employees other than servers, were subject to the same wage and hour violations that Plaintiff alleges. *See Cano v. Four M Food Corp.*, No. 08 CV 3005, 2009 WL 5710143, at *9 (E.D.N.Y. Feb. 3, 2009) ("Even though plaintiffs are certainly not required to show that they are identically situated, or that they possess the same attributes with respect to their job, they are required to show that they are subject  to the same common policy or plan by defendants."); *Mata v. Foodbridge LLC*, No. 14 Civ. 8754 (ER), 2015 WL 3457293, at *3 (S.D.N.Y. June 1, 2015) (denying motion for conditional certification where the plaintiff "includes no concrete facts evidencing a common scheme or plan of wage and hour violations for employees engaged in different job functions" even though his declaration lists "the names and titles of seventeen coworkers-including food preparers, pizza men, counter persons, a cook, a grill man, a juice preparer, a porter, a delivery person, a dishwasher, and a panini preparer").

Accordingly, Plaintiff cannot satisfy even the modest "factual showing" required for the conditional certification for which he seeks as he cannot offer any evidence that he or any potential plaintiffs were "victims of a common policy or plan that violated the law." Furthermore, although Plaintiff has not set forth the nature of the identifying information he intends to request or the content of his proposed notices, Defendant also anticipates opposing such requests.

## <u>Conclusion</u>

For the aforementioned reasons, Defendant intends to oppose Plaintiff's motion for conditional collective certification, request for identifying information, and dissemination of proposed notices, if permitted, and respectfully requests that the Court deny Plaintiff's request to make such motion.  We look forward to meeting with the Court on July 27, 2023 to discuss the foregoing.  Thank you for your time and consideration.

Respectfully Submitted,

*/s/ Paul J. Rutigliano*
Paul J. Rutigliano
Partner

cc:    Plaintiff's attorney (via ECF)