# JOSEPH & KIRSCHENBAUM LLP
## ATTORNEYS AT LAW

September 29, 2023

**VIA ECF**

Judge Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Defendant shall file a response, not to exceed three pages, by **October 4, 2023**. So Ordered.

Dated: October 2, 2023
New York, New York

*/s/ Lorna G. Schofield*
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

    Re: *Chapman v. City Winery NY – Pier 57, LLC*
       Case No. 1:23-cv-02778

Dear Judge Schofield:

  We represent the Plaintiff in the above-referenced action. I write pursuant to the Court's Individual Practices to request a pre-motion discovery conference regarding outstanding disputes.

  This is a putative collective and class action asserting wage and hour claims under the FLSA and New York law. Plaintiff worked for Defendant as a server at the City Winery venue and asserts claims on behalf of himself and other tipped City Winery employees. Plaintiff alleges that Defendant (1) violated the FLSA and New York law by failing to properly compensate him and putative class members for overtime hours by (i) calculating the overtime rate based on the New York tip credit minimum wage and (ii) failing to pay employees for all overtime hours worked; (2) violated New York's minimum wage law by (i) paying tipped employees pursuant to a tip credit when they spent more than two hours or 20% of their shifts performing non-tipped work and (ii) failing to pay employees for all hours worked; and (3) failed to provide wage statements that complied with NYLL § 195(3). With respect to the claims of unpaid hours or "off the clock" time, Plaintiff alleges that Defendant's managers regularly clocked him and other putative class members out before they were finished working for the day. Plaintiff's motion for conditional collective certification of the FLSA claim and Defendant's motion to dismiss the NYLL § 195(3) claim are pending. To date, one person has joined the action as an Opt-In Plaintiff (together with the Named Plaintiff, "Plaintiffs").

  Plaintiff served discovery requests on June 27, 2023. Defendant provided written responses on August 4, 2023 and produced documents on August 10, 2023.[1] On August 25, 2023 Plaintiff sent Defendant a deficiency letter concerning their discovery responses and production and asked for Defendant's counsel's availability to meet and confer. Defendant did not respond regarding counsel's availability. On September 15, 2023 Plaintiff again asked for Defendant's counsel's availability to meet and confer. Defendant did not respond. On September 21, 2023, Plaintiff once again asked for Defendant's counsel's availability to meet and confer. On September 25, 2023, Defendant's counsel stated that they were available on September 26, 2023, and the parties met and conferred by phone on September 26.

---

[1] Defendant's interrogatory responses are attached as Exhibit 1, and its document responses are attached as Exhibit 2.

JOSEPH & KIRSCHENBAUM LLP
ATTORNEYS AT LAW

During the meet and confer, Defendant agreed to produce the following documents by October 6, 2023, to the extent such documents exist: (1) Plaintiffs' schedules; (2) communications with Plaintiffs through "hot schedules," Defendant's scheduling application; (3) timekeeping system manuals and software instructions; (4) documents reflecting adjustments made to Plaintiffs' time records; (5) non-privileged statements concerning the claims and defenses in this action; (6) Defendant's document retention policy; and (7) a privilege log. We respectfully request that the Court enter an Order reflecting the parties' agreement.

At the end of the meet and confer, disputes concerning two categories of discovery – documents and information relating to (1) putative class members and (2) Defendant's good faith defenses – were unresolved. Plaintiff seeks to compel production of those categories of discovery.

Plaintiff requested several types of documents and information concerning putative class members, which Defendant has refused to provide. It is well-established that "pre-certification discovery is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate in light of the requirements set out in Rule 23." *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 490 (S.D.N.Y. 2016) (internal quotation marks omitted) (collecting cases); *see also Marin v. Apple-Metro, Inc.*, No. 12 CV 5274, 2023 U.S. Dist. LEXIS 27089, at *11 (E.D.N.Y. Feb. 8, 2023) (same). "Discovery permitted for this purpose "must be sufficiently broad in order that the plaintiffs have a realistic opportunity to meet [the Rule 23(a)] requirements, while ensuring that defendants are protected from discovery which is overly burdensome, irrelevant, or which invades privileged or confidential areas." *Benavides*, 166 F. Supp. 3d at 490-91 (internal quotation marks omitted). Applying this standard, courts routinely order pre-certification discovery of class-wide documents and information. *E.g.*, *Marin*, 2023 U.S. Dist. LEXIS 27089, at *7 (ordering production of 16 years of payroll and timekeeping records from more than 30 locations); *Pagan v. C.I. Lobster Corp.*, No. 20 CV 7349, 2021 U.S. Dist. LEXIS 177587, at *6-7 (S.D.N.Y. Sept. 18, 2021) (ordering production of classwide wage notices, time records, pay records, wage statements, tip credit notices, and job descriptions) *Mogollan v. La Abundancia Bakery & Rest., Inc.*, No. 18 CV 03202, 2019 U.S. Dist. LEXIS 191115, at *20 (S.D.N.Y. Nov. 4, 2019) (ordering pre-certification production of putative class members' payroll records, time records, wage and tip credit notices, wage statements, and tip records); *Benavides*, 166 F. Supp. 3d at 492 (ordering production of putative class members' "wage and hour documents, tip records, records relating to defendants' commission payments, and defendant['s] text messages as they relate to all non-exempt employees in the six years prior to the complaint").

Here, Plaintiff seeks, and Defendant refuses to produce, discovery that is highly relevant to determining whether the requirements of Rule 23 are satisfied. Requested discovery that is relevant to numerosity includes the identities of putative class members and putative class members who Defendant contends have released the claims in this action (Interrog. Nos. 1, 2) and documents sufficient to show the number of class members. (RFP No. 15).

Most of the classwide discovery requests relate to commonality and typicality, as they seek documents and information that will show whether putative class members were subject to the same unlawful practices as Plaintiff. Plaintiff contends that he and putative class members were unlawfully paid pursuant to the tip credit because they spent more than two hours or 20% of their

# Joseph & Kirschenbaum LLP
## Attorneys At Law

shifts performing non-tipped sidework.  Much of this sidework was performed before customers were admitted to City Winery.  Class members' pay records and documents reflecting their pay rates (RFP Nos. 14, 16) will show whether class members were in fact paid pursuant to the tip credit.  Schedules, time records, and documents and information concerning job duties and sidework (RFP Nos. 9, 10, 11, 12; Interrog. No. 4) are all relevant to determining whether there was a common policy or practice of class members spending substantial time performing nontipped work.  Time records and documents and information concerning timekeeping practices (RFP Nos. 10, 27, 28; Interrog. Nos. 5, 6) are also relevant to determining whether there was a common practice of managers clocking class members out.  Finally, Plaintiff seeks the identities of putative class members' managers (Interrog. No. 3).  These managers would have knowledge of the compensation policies and practices in issue, and as such they have knowledge relevant to commonality and typicality.  Thus, we respectfully request that the Court order Defendant to respond in full to RFP Nos. 9-12, 14-16, 27, 28, and 32 and Interrogatory Nos. 1-6.

Plaintiff also requested documents that are relevant to Defendant's good faith affirmative defenses.  (Dkt. No. 37, Sixth and Twelfth Affirmative Defenses).  Specifically, Plaintiff requested documents concerning other legal claims or actions against Defendant concerning minimum wage or overtime compensation (RFP Nos. 29, 30), class members' complaints about the wage and hour issues in this case (RFP No. 32), documents concerning wage and hour investigations of Defendant (RFP No. 33), and any rulings, decisions, or opinions from a court of governmental agency upon which Defendant relied in determining whether its compensation practices were lawful (RFP No. 34).  To establish a good defense, "an employer must show that it took active steps to ascertain the dictates of the FLSA [or NYLL] and then act to comply with them."  *Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 120 (2d Cir. 1997).  These requests all seek documents that are relevant to this defense because the requested documents bear on Defendant's knowledge of wage and hour law and efforts to understand the requirements of the law.  To the extent Defendant objected to these requests on the grounds of attorney-client privilege, any privilege was waived by the assertion of the good faith defenses.  *E.g.*, *Scott v. Chipotle Mexican Grill, Inc.*, 67 F. Supp. 3d 607, 614-616 (S.D.N.Y. 2014); *Brown v. Barnes & Noble, Inc.*, 474 F. Supp. 3d 637, 653 (S.D.N.Y. 2019).  Accordingly, we respectfully request that the Court order Defendant to produce all documents responsive to these requests.

Finally, Plaintiff respectfully renews his request for a discovery extension, but modifies his request to seek an extension of 30 days after the later of October 6, 2023, when Defendant has agreed to produce certain documents, or any other deadline the Court sets for Defendant to produce the disputed documents.  Plaintiff recognizes that the Court denied his September 27, 2023 extension request.  However, many of the documents that Defendant agreed to produce on October 6 – such as the schedules, hot schedules communications, timekeeping manuals, and records of adjustments to time records – are critical to Plaintiff's claims and thus needed for depositions.  Plaintiff worked diligently to confer with Defendant and raise outstanding disputes with the Court as quickly as possible but will need some time to review documents produced on or after October 6 in order to properly prepare for depositions.  We thank the Court for its attention to this matter.

JOSEPH & KIRSCHENBAUM LLP
ATTORNEYS AT LAW

Respectfully submitted,

/s/ Denise A. Schulman
Denise Schulman

cc: All counsel (via ECF)

32 Broadway • Suite 601 • New York, New York 10004
Phone 212-688-5640 • Fax: 212-688-2548