```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
KE'MON CHAPMAN,                                              :
                                      Plaintiff,             :
                                                             :      23 Civ. 2778 (LGS)
              -against-                                      :
                                                             :      ORDER
CITY WINERY NY - PIER 57, LLC,                               :
                                      Defendant.             :
                                                             :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff filed a motion for conditional certification of a FLSA collective on September 15, 2023;

WHEREAS, a telephonic conference was held on November 1, 2023, to issue an oral ruling.  For the reasons discussed at the conference, it is hereby

**ORDERED** that Plaintiff's motion for conditional certification of a FLSA collective is **GRANTED**.  The following collective is conditionally certified: all service employees (servers, runners, bussers, bartenders, and server assistants) employed at City Winery on or after October 10, 2020, who have not previously released all of their FLSA claims within the statute of limitations period, <u>except</u> that those who received a settlement payment in a case titled *Gray et al. v. City Vineyard LLC et al.*, must have worked at City Winery after August 16, 2021.  It is further

**ORDERED** that Plaintiff's proposed form and manner of notice are **APPROVED** as amended per the Court's oral instructions at the conference.  Plaintiff shall provide notice via mail, email and text message, to the extent possible.  The notice form shall include the name of the law firm representing Defendant but need not include counsel's contact information and shall not include Plaintiff's proposed language about not contacting Defendant's lawyers directly.  In Section 6 of the Notice -- titled "Your Legal Representation If You Join" -- after the statement,

"If you wish to join this lawsuit as a plaintiff, it is your decision as to whether you prefer to be represented by the Plaintiff's attorneys or by an attorney of your own choosing," the following sentence shall be added: "If you choose to hire your own attorney, you will be responsible for their payment on whatever terms you agree."  In the Consent to Join form, "will be bound by the Attorney Retainer Agreement . . . ." shall be changed to "will be bound by the attorneys' fees arrangement, as described above, . . . ."  Reference to the New York Labor Law shall be removed from the Consent to Join form.  It is further

**ORDERED** that Plaintiff's request for disclosure of opt-in Plaintiffs' names and contact information is granted.  By **December 1, 2023**, Defendant shall provide Plaintiff with the following to the extent available: a list of names of potential members of the collective, along with dates of employment, positions held, and last known mailing address, email address and phone number.  Plaintiff and Plaintiff's counsel shall not use such information except in furtherance of this lawsuit.  It is further

**ORDERED** that Plaintiff shall provide the notice by no later than **December 15, 2023**.  Individuals shall have until **January 31, 2024**, to submit a Consent to Join form.  It is further

**ORDERED** that discovery of opt-in Plaintiffs shall be completed by **March 8, 2024**.  The parties' deadline to file the joint status letter currently due December 1, 2023, is extended to **March 8, 2024**.  The case management conference currently scheduled for December 6, 2023, is adjourned to **March 27, 2024, at 4:00 P.M.**  At that time, the parties shall call 888-363-4749 and enter the access code 558-3333.  An amended case management plan will issue separately.  The November 17, 2023, fact discovery deadline for discovery that does not pertain specifically to any opt-in Plaintiffs is unchanged.

The Clerk of Court is respectfully directed to close the motion at Dkt. 43.

Dated: November 2, 2023
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**