**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KE'MON CHAPMAN, on behalf of himself and others similarly situated,

                       Plaintiff,

    - against -

CITY WINERY NY– PIER 57, LLC,

                      Defendant.

Case No.: 23-cv-02778-LGS


**MEMORANDUM OF LAW**
**IN SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION**
**PURSUANT TO LOCAL CIVIL RULE 6.3**


Dated: December 14, 2023

Paul J. Rutigliano, Esq.
M. Adil Yaqoob, Esq.
1251 Avenue of the Americas, 37th  Floor
New York, New York 10020
Tel.: 212.880.3800
Email:paul.rutigliano@akerman.com
      adil.yaqoob@akerman.com


*Attorneys for Defendant*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

Table of Authorities ............................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND ................................................................................................................. 2

ARGUMENT  THE COURT SHOULD RECONSIDER THE OPINION AND ORDER
AND DISMISS PLAINTIFF'S WAGE STATEMENT CLAIM FOR LACK OF
STANDING .......................................................................................................................... 4

     A.     Legal Standard ...................................................................................................... 4

     B.     Plaintiff Has Failed to Allege Economic Injury Stemming From Alleged
           Inaccurate Wage Statements ................................................................................. 5

     C.     Plaintiff Has Failed to Allege Informational Injury Stemming From
           Alleged Inaccurate Wage Statements ................................................................... 7

CONCLUSION .................................................................................................................... 8

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Chen v. Lilis 200 W. 57th Corp.*,
No. 19-CV-7654 (VEC), 2023 WL 2388728 (S.D.N.Y. Mar. 7, 2023) ...................................5

*Esquivel v. Lima Rest. Corp.*,
No. 20CV2914ENVMMH, 2023 WL 6338666 (E.D.N.Y. Sept. 29, 2023)............................6

*Freeland v. Findlay's Tall Timbers Distribution Ctr., LLC*,
No. 22-CV-6415-FPG, 2023 WL 4457911 (W.D.N.Y. July 11, 2023).................................7, 8

*Harty v. W. Point Realty, Inc.*,
28 F.4th 435 (2d Cir. 2022) ....................................................................................................7

*Henderson v. Metro. Bank & Trust Co.*,
502 F. Supp. 2d 372 (S.D.N.Y. 2007).....................................................................................4

*Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*,
19 F.4th 58 (2d Cir. 2021) .......................................................................................................4

*Munoz v. Grp. US Mgmt. LLC*,
No. 1:22-CV-04038 (MKV), 2023 WL 5390204 (S.D.N.Y. Aug. 22, 2023).........................6

*Naughright v. Weiss*,
2012 WL 2402153 (S.D.N.Y. June 26, 2012) ..........................................................................4

*Neor v. Acacia Network, Inc.*,
No. 22-CV-4814 (ER), 2023 WL 1797267 (S.D.N.Y. Feb. 7, 2023).......................................5

*Pastrana v. Mr. Taco LLC*,
No. 18CV09374GBDSN, 2022 WL 16857111 (S.D.N.Y. Sept. 23, 2022).............................6

*Quieju v. La Jugueria Inc.*,
No. 23-CV-264 (BMC), 2023 WL 3073518 (E.D.N.Y. Apr. 25, 2023)...............................6, 8

*Sevilla v. House of Salads One LLC*,
No. 20-CV-6072 (PKC) (CLP), 2022 WL 954740 (E.D.N.Y. Mar. 30, 2022) .......................5

*Shi v. TL & CG Inc.*,
No. 19-CV-8502 (SN), 2022 WL 2669156 (S.D.N.Y. July 11, 2022) ..................................5, 7

*Thieriot v. Jaspan Schlesinger Hoffman, LLP*,
2015 WL 507223 (E.D.N.Y. Feb. 6, 2015)..............................................................................4

*Wang v. XBB, Inc.*,
No. 18-CV-7341 (PKC) (ST), 2022 WL 912592 (E.D.N.Y. Mar. 29, 2022) ........................... 5

**Statutes**

Fair Labor Standards Act ................................................................................................................ 2

New York Labor Law § 195(3) ............................................................................................. *passim*

## PRELIMINARY STATEMENT

Defendant City Winery NY-Pier 57, LLC ("Defendant" or "City Winery") respectfully submits this Memorandum of Law in support of its motion for reconsideration of the Court's denial of City Winery's partial motion to dismiss plaintiff Ke'Mon Chapman's ("Plaintiff") wage statement claim (the "Opinion and Order").

In the Opinion and Order, the Court held that Plaintiff's Second Amended Complaint ("SAC") plausibly alleges that Plaintiff has standing to state a claim for a wage statement violation under New York Labor Law ("NYLL") § 195(3). *See* Opinion and Order, dated November 30, 2023, attached to the Rutigliano Dec., as Exhibit A.[1] Respectfully, the Court ignored case law which conclusively demonstrates that Plaintiff does not have standing to allege a wage statement claim because: (1) the alleged underpayment of wages to Plaintiff is not fairly traceable to the purportedly inaccurate wage statements provided to him; and (2) Plaintiff has failed to allege any other concrete, downstream consequences of the purportedly inaccurate wage statements provided to him. Moreover, during the November 1, 2023 telephonic conference, the Court stated that it would be granting City Winery's motion to dismiss the NYLL Section 195 claim, stating:

> I know there is a pending motion to dismiss the fourth cause of action, which I intended to ***grant*** in line with the other decisions in this district. I won't read that decision. I'll put a short decision on the docket.

*See* Transcript of November 1, 2023 Court Conference, attached to the Rutigliano Dec., as Exhibit B at 10: 19-22 (emphasis added).[2]

---

[1] Unless otherwise indicated, all exhibits referenced herein are annexed to the accompanying Declaration of Paul J. Rutigliano (the "Rutigliano Dec.").

[2] City Winery only raises this because it was surprised when the Opinion and Order was issued given the statements by the Court on the record that the motion to dismiss the Section 195 claim was going to be granted in accordance with the other decisions dismissing similar claims.

City Winery respectfully avers that the Court got it right during the November 1, 2023 conference. Read fairly, the SAC alleges the wage statements merely *reflected* the alleged undercounting of hours worked, rather than *caused* any purported underpayment. Plaintiff fails to allege an economic injury stemming from the allegedly inaccurate wage statements—rather, he simply misattributes the cause of his alleged underpayment to inaccurate wage statements rather than the alleged underlying wage violation that he has already asserted, which is the actual alleged claim. Indeed, Plaintiff relies entirely on a speculative conclusion that had he received accurate wage statements, he would have been informed of an underlying wage violation and then demanded his required wages. This argument is particularly absurd in light of the fact that Plaintiff, by his own allegations, was already aware of the alleged underlying wage violation since he knew he was clocked out prior to the end of his shift(s) on the very same day(s) he was clocked out.

As demonstrated herein, the Court inadvertently overlooked, that under controlling case law, Plaintiff has not sufficiently alleged standing for his wage statement claim. Accordingly, Defendant's motion for reconsideration should be granted and Plaintiff's wage statement claim should be dismissed.

## **BACKGROUND**

On April 3, 2023, Plaintiff, a former server with City Winery, filed a Complaint in this case alleging that City Winery violated the Fair Labor Standards Act ("FLSA") and the NYLL by inappropriately applying a tip credit to his regular and overtime wages. *See* ECF Dkt. No. 1. Plaintiff also brought these claims on behalf of a putative class and collective. *Id.*  That same day, another former server with City Winery, Sheyla Pallet, joined this case as an opt-in plaintiff. *See* ECF Dkt No. 4.  On July 14, 2023, Plaintiff filed an Amended Complaint, adding so-called time shaving allegations, claiming that City Winery required Plaintiff to work "off the clock" without pay. *See* ECF Dkt. No. 14, ¶ 32-34. Only five (5) days later, on July 19, 2023, Plaintiff notified

the Court that he would be moving the Court to further amend his Complaint to add a claim that City Winery failed to provide him accurate wage statements based on his new time shaving allegations. *See* ECF Dkt. No. 25. City Winery opposed Plaintiff's proposed amendment, but the Court granted Plaintiff leave to file the SAC. On August 1, 2023, Plaintiff filed the SAC. *See* ECF Dkt No. 34.

In the SAC, Plaintiff vaguely asserts that because Plaintiff's weekly wage statements allegedly did not accurately reflect all of his hours worked, City Winery failed to pay him his lawful wages. SAC ¶ 35. Specifically, Plaintiff claims that since City Winery always paid Plaintiff for the number of hours reflected on his wage statements, if his wage statements accurately reflected the hours he worked, City Winery would have paid Plaintiff for all the hours he worked. *Id*. ¶ 36. Further, Plaintiff asserts that "[b]y failing to provide Plaintiff with wage statements identifying his actual hours worked, [City Winery] prevented Plaintiff from determining and seeking payment for his precise amount of unpaid hours." *Id*. ¶ 38.

On September 15, 2023, City Winery filed a partial motion to dismiss Plaintiff's wage statement claim. ECF Dkt No. 42. On November 1, 2023, the Court held a telephonic conference with the parties during which it stated that it would be granting City Winery's partial motion to dismiss:

> I know there is a pending motion to dismiss the fourth cause of action, which I intended to ***grant*** in line with the other decisions in this district. I won't read that decision. I'll put a short decision on the docket.

*See* Exhibit B at 10: 19-22 (emphasis added). However, contrary to the Court's statement during conference, the Court entered a decision denying City Winery's partial motion to dismiss on November 30, 2023. *See* Exhibit A.

## ARGUMENT

## THE COURT SHOULD RECONSIDER THE OPINION AND ORDER AND DISMISS PLAINTIFF'S WAGE STATEMENT CLAIM FOR LACK OF STANDING

### A.    Legal Standard

The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court." *Thieriot v. Jaspan Schlesinger Hoffman, LLP*, 2015 WL 507223, at *1 (E.D.N.Y. Feb. 6, 2015); *see Henderson v. Metro. Bank & Trust Co*., 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007). Reconsideration may be granted where the moving party points to controlling law or factual matters that the court overlooked and that might reasonably be expected to alter the court's decision. *Thieriot,* 2015 WL 507223, *1; *Naughright v. Weiss*, 2012 WL 2402153, at *2 (S.D.N.Y. June 26, 2012); *Henderson*, 502 F. Supp. 2d at 375-376.  A court may also grant reconsideration where the movant demonstrates, *inter alia*, a "need to correct a clear error or prevent manifest injustice." *Naughright*, 2012 WL 2402153, *2; *Henderson*, 502 F. Supp. 2d at 376.

To withstand a motion to dismiss, Plaintiff must establish Article III standing. In order to establish standing, Plaintiff must show: (1) an 'injury in fact,' (2) a 'causal connection' between that injury and the conduct at issue, and (3) a likelihood 'that the injury will be redressed by a favorable decision.'" *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 62 (2d Cir. 2021) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

In the Opinion and Order, the Court unfortunately failed to recognize that Plaintiff has not established an injury in fact that is fairly traceable to City Winery's alleged NYLL wage statement violations.

**B.     Plaintiff Has Failed to Allege Economic Injury Stemming From Alleged Inaccurate Wage Statements**

In the Opinion and Order, the Court overlooked City Winery's argument that Plaintiff's allegations do "not explain how [Plaintiff] was injured by [the alleged] conduct beyond the injuries already encompassed by other claims in this lawsuit" and therefore do not suffice to establish injury-in-fact. *Chen v. Lilis 200 W. 57th Corp.*, No. 19-CV-7654 (VEC), 2023 WL 2388728, at *8 (S.D.N.Y. Mar. 7, 2023).

Indeed, as noted in City Winery's motion to dismiss papers, allegations that City Winery's wage statement violations facilitated its other unlawful conduct do not give rise to an alleged cognizable downstream injury sufficient to establish injury in fact for standing purposes. *See, e.g.*, *Neor v. Acacia Network, Inc.*, No. 22-CV-4814 (ER), 2023 WL 1797267, at *4 (S.D.N.Y. Feb. 7, 2023) (concluding that plaintiffs lacked standing to bring wage notice and statement claims under the NYLL because their complaint did not "allege any harm stemming from a lack of accurate wage notices or statements," and deeming plaintiffs' argument in their opposition memorandum that defendants' violations "faciliat[ed]" their wrongdoing "not ... plausible"); *Shi v. TL & CG Inc.*, No. 19-CV-8502 (SN), 2022 WL 2669156, at *9 (S.D.N.Y. July 11, 2022) (concluding that a plaintiff lacked standing to bring wage notice and statement claims under the NYLL because his allegations that defendants' lack of notice "facilitated" his underpayment stated only "hypothetical" harm); *Sevilla v. House of Salads One LLC*, No. 20-CV-6072 (PKC) (CLP), 2022 WL 954740, at *7 (E.D.N.Y. Mar. 30, 2022) (concluding that plaintiffs lacked standing to bring wage notice and statement claims under the NYLL because there was no record of an associated "tangible injury"); *Wang v. XBB, Inc.*, No. 18-CV-7341 (PKC) (ST), 2022 WL 912592, at *13 (E.D.N.Y. Mar. 29, 2022) (same).

The Opinion and Order entirely ignores a multitude of decisions from courts in this Circuit (which the Court alluded to at the November 1, 2023 conference when indicating that it was going to grant City Winery's motion) which have held that a plaintiff fails to allege standing where they simply allege injuries already encompassed by other claims in their complaint. *See e.g.*, *Pastrana v. Mr. Taco LLC*, No. 18CV09374GBDSN, 2022 WL 16857111, at *7 (S.D.N.Y. Sept. 23, 2022) *report and recommendation adopted*, No. 18CV9374GBDSN, 2022 WL 16857107 (S.D.N.Y. Nov. 10, 2022) ("[p]laintiffs have not demonstrated how their lack of notice resulted in an injury greater than Defendants' minimum wage, overtime, and spread-of-hours wage violations"); *Munoz v. Grp. US Mgmt. LLC*, No. 1:22-CV-04038 (MKV), 2023 WL 5390204, at *6 (S.D.N.Y. Aug. 22, 2023); *Esquivel v. Lima Rest. Corp.*, No. 20CV2914ENVMMH, 2023 WL 6338666, at *11 (E.D.N.Y. Sept. 29, 2023); *see also Quieju v. La Jugueria Inc.*, No. 23-CV-264 (BMC), 2023 WL 3073518, at *2 (E.D.N.Y. Apr. 25, 2023) ("[t]he injury that plaintiff suffered (i.e., defendants' failure to properly pay him) is not an injury he sustained because of a lack of the required documents; it is an injury sustained because his employer violated its obligation to pay minimum wage, overtime, and spread-of-hours pay under other, express requirements of federal and state law.").

This case law is critically important because Plaintiff fails to allege or explain how he was injured by Defendant's purported failure to provide him with accurate wage statements beyond the alleged injuries already encompassed by the other claims in this action. At bottom, the harm alleged by the purported failure to provide accurate wage statements is merely that City Winery "fail[ed] to pay Plaintiff at all for some of the hours he worked, including overtime hours." SAC ¶ 34. This purported harm is already encompassed by Plaintiff's time shaving claims and is thus entirely duplicative. *Id.* Indeed, Plaintiff's purported injuries were not caused by the allegedly

inaccurate wage statements, if anything, the wage statements merely reflected the alleged undercounting of hours worked. In other words, Plaintiff has failed to show "how or why the amount of his wage underpayment is greater than it would have been if he had been given…proper wage statements" *Shi*, 2022 WL 2669156, at *9.

Accordingly, Plaintiff's wage statement claims should have been dismissed for lack of standing.

### C.      Plaintiff Has Failed to Allege Informational Injury Stemming From Alleged Inaccurate Wage Statements

Plaintiff also does not have standing to allege a wage statement claim because he does not allege "downstream consequences" from failing to receive that information that show an interest in using the information "beyond bringing [this] lawsuit," *Harty v. W. Point Realty, Inc*., 28 F.4th 435, 444 (2d Cir. 2022).

Plaintiff's claim of downstream consequences relies on speculation that had City Winery provided him the required documents, he would have been informed of an underlying wage violation and then demanded his required wages. Plaintiff's assertions are speculative and far-fetched because Plaintiff was allegedly already aware that he was clocked out before the end of his shifts, and yet failed to bring this alleged violation to City Winery's attention during his employment. It is therefore entirely implausible that receiving wage statements that accurately reflected the hours he worked would have caused him to demand his required wages.

The Opinion and Order unfortunately ignores that Plaintiff is essentially claiming that if "Defendant had given him an accurate wage statement, that statement would have informed him that he was not being paid the proper overtime rate." *Freeland v. Findlay's Tall Timbers Distribution Ctr., LLC*, No. 22-CV-6415-FPG, 2023 WL 4457911, at *13 (W.D.N.Y. July 11, 2023). "Enlightened by that knowledge, [Plaintiff] then would have demanded his required wages.

Having made such a demand, [Defendant] would have then paid him his required wages, and [Plaintiff] would have avoided the injury he suffered by the failure to properly pay him." *Id*. (quoting *Quieju*, 2023 WL 3073518, at *2).  However, such a "speculative chain of possibilities does not establish that [Plaintiff's] injury" is "fairly traceable" to Defendant's alleged violations of NYLL § 195(3). *Quieju*, 2023 WL 3073518, at *2 (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 (2013)).

Plaintiff argues that under a hypothetical scenario where his wage statements (1) listed his actual hours worked *and* (2) paid him for less than his actual hours worked he would have had all of the information he needed to decide whether and how to address the hypothetical discrepancy in his wage statement. But Plaintiff, as alleged in the SAC, was already allegedly aware that he was clocked out of shifts early, and as a result underpaid, *without* receiving wage statements that properly account for all his hours worked. *See* SAC ¶¶ 32-34. Therefore, the lack of accurate wage statements did not cause or contribute to Plaintiff's alleged underpayment, and Plaintiff has therefore failed to allege informational injury sufficient to establish standing.

## CONCLUSION

Accordingly, Defendant respectfully requests that this Court grant reconsideration of its decision to deny Defendant's partial motion to dismiss, and dismiss the Fourth Claim for Relief in the Second Amended Complaint on the basis that Plaintiff does not have standing to bring his wage statement claim.

Dated: New York, New York
     December 14, 2023

Respectfully submitted,

**AKERMAN LLP**

By: /s/ Paul J. Rutigliano
    Paul J. Rutigliano, Esq.
    M. Adil Yaqoob, Esq.

8

1251 Avenue of the Americas, 37th Floor
New York, New York 10020
Tel.: 212.880.3800
Email:Paul.Rutigliano@akerman.com
        Adil.Yaqoob@akerman.com

*Attorneys for Defendant*