# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KE'MON CHAPMAN,

                                   Plaintiff,               23 Civ. 2778 (LGS)

              -against-                     **OPINION & ORDER**

CITY WINERY NY - PIER 57, LLC,

                                  Defendant.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Ke'Mon Chapman, individually and on behalf of all other persons similarly situated, brings this action against Defendant City Winery NY - Pier 57, LLC ("City Winery"), alleging violations of the New York Labor Law ("NYLL") and the Fair Labor Standards Act ("FLSA"). Defendant's partial motion to dismiss challenges Plaintiff's wage statement claim brought under NYLL § 195(3) pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing because the Complaint purportedly does not allege an injury in fact fairly traceable to Defendant's failure to provide accurate wage statements. For the below reasons, the motion is denied.

**I.    BACKGROUND**

      The following facts are taken from the Second Amended Complaint (the "Complaint") and are assumed to be true for the purpose of this motion. *See Dixon v. von Blanckensee*, 994 F.3d 95, 101-02 (2d Cir. 2021). Defendant owns the City Winery restaurant and two adjacent concert venues on Pier 57 in Manhattan. Plaintiff Ke'Mon Chapman was employed as a server at City Winery from July 2022 until March 2023. Chapman was paid $10 an hour and often worked more than forty hours a week.

Once or twice a week, Plaintiff's supervisors clocked him out while he was still performing "sidework" at the end of the night, such as collecting silverware and dirty glasses. As a result, Defendant underpaid Plaintiff for both regular work hours and overtime hours. Plaintiff became aware of this practice when, at the end of some of his shifts, he went to clock out only to discover that he had already been clocked out. The Complaint alleges that, because Plaintiff's supervisors clocked him out while he was still working, his wage statements reflected fewer hours than he actually worked, and as a result, he was paid for fewer hours than he actually worked. By failing to provide him with accurate wage statements, City Winery also prevented Plaintiff "from determining and seeking payment for his precise amount of unpaid hours."

## II. STANDARD

Dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1075 (2d Cir. 2021).[1] "Subject matter jurisdiction [is] a threshold issue for resolution," and courts must evaluate their jurisdiction over every claim. *United Republic Ins. Co. v. Chase Manhattan Bank*, 315 F.3d 168, 170-71 (2d Cir. 2003); *accord Gosain v. Texplas India Priv. Ltd.*, 393 F. Supp. 3d 368, 374 (S.D.N.Y. 2019). When considering a Rule 12(b)(1) motion, "the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court may consider "evidentiary matter . . . presented by affidavit or otherwise." *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

Cir. 1986); *accord Rai v. Rai*, No. 21 Civ. 11145, 2023 WL 2456831, at *2 (S.D.N.Y. Mar. 10, 2023). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Karim*, 838 F.3d at 134. When adjudicating a motion to dismiss for lack of subject matter under Rule 12(b)(1), "the district court is to determine whether the [complaint and exhibits attached to it] allege[] facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). Thereafter, a party may raise "[t]he objection that a federal court lacks subject matter jurisdiction . . . at any stage in the litigation, even after trial and the entry of judgment." *Now-Casting Econ., Ltd. v. Econ. Alchemy LLC*, 628 F. Supp. 3d 501, 512 (S.D.N.Y. 2022).

A plaintiff "must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 945 F.3d 83, 109 (2d Cir. 2019). To establish standing to bring a claim, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *see also TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo*, 578 U.S. at 339. "A concrete injury" must be "real, and not abstract." *Id.* at 340. The injury-in-fact pleading requirement is "a low threshold." *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 736 (2d Cir. 2017).

While NYLL § 195 allows an employee to recover monetary damages for wage notice and statement violations, the Supreme Court has "rejected the proposition that a plaintiff

3

automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *TransUnion*, 141 S. Ct. at 2205. In other words, for the purposes of Article III standing, "an injury in law is not an injury in fact." *Id.* "Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, [a plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Spokeo*, 578 U.S. at 341.

## III.  DISCUSSION

Defendant City Winery moves to dismiss Chapman's wage statement claim for lack of standing. Defendant argues that Chapman has (1) failed to allege an injury in fact stemming from City Winery's failure to provide accurate wage statements and (2) failed to allege that any harm is fairly traceable to City Winery's failure to provide him with accurate wage statements. For the reasons below, the motion is denied. The Complaint adequately alleges both an injury in fact and causation.

The Complaint alleges that "[b]y failing to provide Plaintiff with wage statements identifying his actual hours worked, Defendant prevented Plaintiff from determining and seeking payment for his precise amount of unpaid hours." This allegation is sufficient to allege that Defendant's conduct harmed Plaintiff. As in *Lipstein v. 20X Hosp. LLC*, No. 22 Civ. 4812, 2023 WL 6124048 (S.D.N.Y. Sept. 19, 2023), "Plaintiff has plausibly alleged that he was monetarily harmed because he did not receive information about his rate of pay and accurate wage statements, as required by the statute, which hurt his ability to assess whether he was being properly paid and therefore promptly raise issues of underpayment with his employer." *See id.* at *9. Chapman was "harmed by being deprived of his income for longer than he would have

4

been had he been able to timely raise his underpayment earlier.  This harm is a tangible downstream consequence of the failure to receive required information." *See id.*; *see also Metcalf v. TransPerfect Translation Int'l, Inc.*, No. 19 Civ. 10104, 2023 WL 2674743, at *6-*7 (S.D.N.Y. Mar. 29, 2023) (finding standing where employer's inaccurate wage statements prevented employee from determining "whether the retroactive payments are sufficient"); *Bueno v. Bozinover*, No. 22 Civ. 2216, 2023 WL 2387113, at *3 (S.D.N.Y. Mar. 7, 2023) ("Denying an employee such notices -- as alleged here -- can impinge on an employee's interests not only in being paid what is owed, but also in being able to advocate for the receipt of proper pay."). Given the "low threshold" for pleading injury in fact, the allegation that Chapman was unable to ascertain how much he should have been paid because his wage statements were inaccurate sufficiently pleads an injury traceable to City Winery's failure to provide accurate wage statements.  *See Whole Foods Mkt. Grp., Inc.*, 858 F.3d at 736.

Contrary to Defendant's arguments, this case is distinguishable from other cases in this Circuit where courts have found no standing to assert wage notice and statement violations.  In those cases, the plaintiffs alleged only a bare technical violation of NYLL § 195 with no further factual allegation of harm.  *See, e.g.*, *Lucero v. Shaker Contractors, Corp.*, No. 21 Civ. 8675, 2023 WL 4936225, at *3 (S.D.N.Y. July 27, 2023) ("Plaintiffs have alleged no concrete harm that they suffered due to Defendants' failure to provide them wage records."); *Ramirez v. Urion Constr. LLC*, No. 22 Civ. 3342, 2023 WL 3570639, at *8 (S.D.N.Y. May 19, 2023).  Alleging only that "Defendants failed to provide [Plaintiffs] with required wage notices or wage statements and that, as a result of these violations, Plaintiffs seek damages," *Ramirez*, 2023 WL 3570639, at *9, does not suffice to establish Article III standing.  Plaintiff here has alleged more than a mere technical statutory violation.

City Winery argues that the Complaint does not plead a cognizable injury because it pleads facts showing that Chapman knew that he was sometimes clocked out early but failed to correct his employer's incorrect timekeeping. City Winery further argues that this case is distinguishable from cases in which courts in this Circuit have rejected this argument because the employers in those cases provided wage statements that omitted entire categories of information such as hours worked. *See Lipstein*, 2023 WL 6124048, at *10; *Mateer v. Peloton Interactive, Inc.*, No. 22 Civ. 740, 2022 WL 2751871, at *2 (S.D.N.Y. July 14, 2022). This distinction is immaterial. Chapman's "recollection of the approximate time that he worked . . . is not a substitute for the actual wage statements required under Section 195 that would have provided Plaintiff with precise information." *See Lipstein*, 2023 WL 6124048, at *10; *see also Spokeo*, 578 U.S. at 340 ("Although tangible injuries are perhaps easier to recognize, we have confirmed in many of our previous cases that intangible injuries can nevertheless be concrete.").

The Complaint's factual allegations provide a plausible basis to suggest Plaintiff has standing, which is all that is required at this stage of the litigation.

## IV. CONCLUSION

For the foregoing reasons, Defendant's partial motion to dismiss is **DENIED**.

The Clerk of the Court is respectfully directed to close the motion at Dkt. 42.

Dated: November 30, 2023
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

6