# EXHIBIT B

```
   NB1fCHAc
                                                                            
1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  KE'MON CHAPMAN,

4                 Plaintiff,

5            v.                           23 Cv. 2778 (LGS)

6  CITY WINERY - PIER 57, LLC,

7                 Defendant.
                                          Telephone Conference
8  ------------------------------x
                                          New York, N.Y.
9                                         November 1, 2023
                                          4:00 p.m.
10
   Before:
11
                  HON. LORNA G. SCHOFIELD,
12
                                          District Judge
13

14                       APPEARANCES

15 JOSEPH & KIRSCHENBAUM LLP
        Attorneys for Plaintiff
16 BY:  MICHAEL DIGIULIO

17 AKERMAN LLP
        Attorneys for Defendant
18 BY:  PAUL J. RUTIGLIANO
```

1                  (Case called; appearances noted)

2                  THE COURT:  Good afternoon, and thank you for being

3    there.

4                  I just wanted to check in with everyone because the

5    purpose of this conference is for me to render an oral opinion

6    on the plaintiff's motion for conditional certification on a

7    facilitation of notice procedures.  There will be a transcript,

8    but my written order on the docket will just state what the

9    relief is that's granted.

10                 Plaintiff's claim is that the defendant willfully

11   failed to pay for all overtime hours and failed to pay at the

12   correct rate for the overtime hours.  I am assuming you all are

13   familiar with the facts, so I won't recount them all, and just

14   to advise you that the facts I've relied on are taken from the

15   second amended complaint and the declaration submitted in

16   support of the motion and other papers submitted in support of

17   the motion.

18                 The Fair Labor Standards Act, which I'll call the FLSA

19   authorizes employees to bring a collective action on behalf of

20   themselves and similarly situated employees who consent in

21   writing to join the action, 29 U.S.C. § 216(b).  The Second

22   Circuit has endorsed a wisely-accepted two-step approach to

23   certification.  *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d

24   502, 515 (2d Cir. 2020).  "At step one, the district court

25   permits a notice to be sent to potential opt-in plaintiffs if

1  the named plaintiffs make a modest factual showing that they
2  and others together were victims of common policy or plan that
3  violated the law."  That is *id* from the *Scott* case.
4           The second step, typically taken after discovery,
5  requires the court to determine, "whether the collective action
6  may go forward by determining whether the opt-in plaintiffs are
7  in fact similarly situated to the named plaintiffs." *Id*.  If
8  not, the collective may be decertified.  *Myers v. Hertz Corp.*,
9  624 F.3d 537, 555 (2d Cir. 2010).
10          At the first step, in order to achieve conditional
11 certification, "the modest factual showing cannot be satisfied
12 simply by unsupported assertions, but it should remain a low
13 standard of proof because the purpose of this first stage is
14 merely to determine whether similarly situated plaintiffs do in
15 fact exist*."  Id*.  "Plaintiffs may satisfy this requirement by
16 relying on their own pleadings, or the affidavits and
17 declarations of other potential class members."  *King v. Fedcap
18 Rehab. Servs., Inc.*, No. 20 Civ. 1784, 2022 WL 292914, at *3
19 (S.D.N.Y. Feb. 1, 2022).
20          "The court does not resolve factual disputes, decide
21 substantive issues going to the ultimate merits, or make
22 credibility determinations at this stage."  *Id*.  As a result,
23 "evidence submitted by defendants disputing the facts alleged
24 by plaintiffs do not undermine the modest factual showing that
25 plaintiffs are required to show at this stage of the

1   litigation." *Ford v. WSP USA, Inc.*, No. 19 Civ. 11705, 2021 WL
2   4803848, at *4 (S.D.N.Y. Oct. 14, 2021).  The Second Circuit
3   has not adopted the more exacting conditional certification
4   standards proposed by defendants as set forth by the Fifth and
5   Sixth Circuits, and I decline to do so here.
6             Turning to this case and applying the law to this
7   case, I'll address conditional certification first.  Plaintiff
8   seeks conditional certification of a FLSA collective consisting
9   of, "all service employees (servers, runners, bussers,
10  bartenders, and server assistants) employed at City Winery on
11  or after April 3, 2020, who have not previously released all of
12  their FLSA claims within the statute of limitations with the
13  statute of limitations period," with the additional limitation
14  that those who received a settlement payment in a case titled
15  *Gray et al. v. City Vineyard LLC et al.*, No. 604380/2020 (N.Y.
16  Sup. Ct. 2020) must have worked at City Winery after August 16,
17  2021.  Plaintiff has made the necessary showing that he is
18  similarly situated to these employees.  Therefore, conditional
19  certification is granted.
20            To support the motion for conditional certification,
21  plaintiff offers the complaint and five declarations, including
22  declarations by two former employees.  According to the
23  declarations, the service positions at the City Winery were
24  servers, bartenders, and server assistants who worked at both
25  parts of City Winery, the venues and the restaurant.  Defendant

1  determined the wages and compensation of employees, maintained
2  employee records and maintained control, oversight and
3  direction over the service workers and therefore is considered
4  an employer under the FLSA.
5      According to the declarations of Chapman and Pallet,
6  they and several identified coworkers of Chapman regularly
7  worked overtime hours for which they were not paid at all or
8  were not paid the correct overtime rate of pay.  This is
9  sufficient "modest factual showing" that all service workers
10 were subject to a policy of not being paid the proper overtime
11 wages to warrant granting conditional certification.  Hearsay
12 assertions about coworkers' circumstances have consistently
13 been found to be sufficient for purposes of FLSA conditional
14 certification.  *See, e.g., Han v. Madison Ave. Realties, LLC*,
15 No. 22 Civ. 382, 2022 WL 2609003, at *3 (S.D.N.Y. July 8,
16 2022); *Guevara v. Fine & Rare Operations LLC*, No. 20 Civ. 5330,
17 2022 WL 103376, at *7 (S.D.N.Y. Jan. 10, 2022).
18     Defendant argues that plaintiff has not shown a common
19 unlawful policy or plan and the existence of "similarly
20 situated" individuals.  These arguments misunderstand the
21 "modest factual showing" required for conditional certification
22 at explained in *Myers*, 624 F.3d at 555.  Defendant contests
23 plaintiff's assertions of the amount of non-tipped sidework and
24 that defendant clocked out service employees before their
25 shifts ended.  But these arguments seek a determination on the

merits that is premature here and is properly resolved on a later motion for final certification. *See, e.g., Hegazy v. Halal Guys, Inc.*, No. 22 Civ. 1880, 2022 WL 4008237, at *3 (S.D.N.Y. Sept. 2, 2022).

Contrary to defendant's arguments, plaintiff can represent not only servers, but all service employees employed at City Winery during the relevant period. Servers, bartenders and server assistants performed similar duties of sidework in addition to serving food or drinks, or, in the case of server assistants, bussing tables and running food. At this stage, plaintiff has shown that he and other putative collective members worked more than 40 hours per week, worked off the clock and performed sufficient sidework such that their overtime rates should have been calculated based on the full New York minimum wage rather than the lower tip credit minimum wage.

Defendant's remaining arguments are unpersuasive. Accordingly, I am granting conditional certification of a collective of "all service employees (servers, runners, bussers, bartenders, and server assistants) employed at City Winery on or after April 3, 2020, who have not previously released all of their FLSA claims within the statute of limitations period," with the additional limitation that those who received a settlement payment in a case titled *Gray et al. v. City Vineyard LLC et al.*, No. 604380/2020 (N.Y. Sup. Ct.

1    2020), must have worked at City Winery after August 16, 2021.

2            Let me now address the notice period, which also, of
3    course, relates to the collective period.  Plaintiff asks the
4    Court to authorize notice for employees who worked for
5    defendant for three years prior to the commencement of this
6    lawsuit, which was April 3, 2020.  The three-year period
7    corresponds to the definition of a certified collective, which
8    in turn corresponds to the three-year statute of limitations
9    for willful FLSA violations, and the complaint alleges
10   willfulness.

11           Obviously, that's just an allegation.  If plaintiff
12   ultimately fails to prove willfulness, any recovery would be
13   limited to claims arising during the two-year statute of
14   limitation period that would apply.

15           Defendant asserts that the restaurant did not open
16   until October 10, 2020.  I didn't see a response from
17   plaintiff on that.  Defendant is essentially asking that the
18   start date for the collective be the opening date of the
19   restaurant or October 10, 2020.

20           Can I ask plaintiff's counsel, do you have any
21   objections to beginning the membership period of the collective
22   on that date and the notice period on that date?

23           MR. DIGIULIO:  No, your Honor.  We don't object to
24   that.

25           THE COURT:  Okay, so what I'll do is, in each case

1    where I have stated what the period would be for the collective

2    that's conditionally certified, I'll just change the start date

3    so it reflects October 10, 2020.

4            Now I want to talk briefly about the form of notice.

5    Plaintiff had submitted a proposed form of notice to which

6    defendant had raised various objections.  I am resolving the

7    disputes as follows:

8            First, the references to the New York Labor Law should

9    be removed from the consent to join form, and I think plaintiff

10   actually agrees to that.

11           Two, the notice form should include the name of the

12   law firm representing defendant but need not include counsel's

13   contact information and shall not include plaintiff's proposed

14   language about not contacting the defendant's lawyers directly.

15           The defendant's remaining objections are without merit

16   for substantially the reasons that the plaintiff states in the

17   plaintiff's briefing.  Defendant's request for a third-party

18   administrator to oversee the distribution of notice is denied.

19           Plaintiff proposes notice via mail, email and text

20   message to the extent possible, which I am granting.

21           Defendant's request for the opportunity to negotiate

22   the contents of the notice and consent form is denied, and

23   defendants have had and have taken the opportunity to propose

24   certain changes in its own motion papers.  I considered the

25   defendant's arguments and my order reflects that consideration.

1    In addition to the defendant's proposed changes and
2 objections, I'm going to require the following changes:
3    The deadline to file a consent form shall be 40 days
4 instead of 60 days.
5    I found in the past that sometimes if you give people
6 too long, then they just sit on the form of notice, essentially
7 forget that it's there, and the response rate may get lower
8 rather than higher by giving people more time.
9    Second, in the consent form in the last section of
10 text, where it says, "will be bound by the attorney retainer
11 agreement," shall be changed to, "will be bound by the
12 attorney's fee arrangement as described above," and I've done
13 that just because there isn't any prior reference to the
14 attorney retainer agreement.
15    My law clerk tells me that I just misspoke and I said
16 40 days for the deadline to file the consent form.  If I said
17 that, I meant 45 days.  That's the right amount of time.
18    And then my final change to the notice is in Section 6
19 -- titled "Your Legal Representation If You Join" -- and it
20 adds to the statement, "if you wish to join this lawsuit as a
21 plaintiff, it is your decision as to whether you prefer to be
22 represented by the plaintiff's attorneys or by an attorney of
23 your own choosing."  Please add after that, "if you choose to
24 hire your own attorney, you will be responsible for payment on
25 whatever terms you agree."

1    The last thing that I'd like to talk about is some
2 dates and the request for disclosure.  The plaintiff's request
3 for disclosure of opt-in plaintiffs' names and their contact
4 information is granted.  By December 1 of this year, defendants
5 shall provide plaintiff with a list of names of potential
6 members of the collective, along with dates of employment,
7 positions held, and last known mailing address, email address
8 and phone number.  My citation is *id* at *5.
9    I'm adding that providing that plaintiff and
10 plaintiff's counsel shall not use such information except in
11 furtherance of this lawsuit.
12    Next, plaintiff shall publish the notice by no later
13 than December 15, 2023.  Individuals shall have 45 days to join
14 the collective or until January 31, 2024.
15    Next, by February 7, 2024, the parties shall file a
16 proposed amended case management plan providing for discovery
17 of opt-in plaintiffs, which discovery shall be completed by
18 March 8, 2024.
19    I know there is a pending motion to dismiss the fourth
20 cause of action, which I intended to grant in line with the
21 other decisions in this district.  I won't read that decision.
22 I'll put a short decision on the docket.
23    As I said, I will memorialize my ruling in a short
24 order that I'll put on the docket, but the reasoning will be in
25 the transcript.

NB1fCHAc

1           Thank you very much counsel, and I hope you have a
2      good day.
3           (Adjourned)