# JOSEPH & KIRSCHENBAUM LLP
## ATTORNEYS AT LAW

March 1, 2024

**VIA ECF**

Judge Margaret M. Garnett
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: *Chapman v. City Winery NY – Pier 57, LLC*
      Case No. 1:23-cv-02778

Dear Judge Garnett:

  We represent the Plaintiff in the above-referenced action. We write to ask the Court to reconsider its Order granting Defendant's request to extend the Opt-In Plaintiff discovery period through April 22, 2024. Dkt. No. 96. Respectfully, the Court should reconsider its order and deny Defendant's extension request because Defendant waited until nine days before the opt-in discovery deadline to commence opt-in discovery and has utterly failed to show good cause for extending the discovery deadline.

  By way of background this is a wage and hour collective and putative class action asserting claims for unpaid overtime under the Fair Labor Standards Act ("FLSA") and New York law, unpaid minimum wage compensation under New York law, and failure to provide wage statements that comply with N.Y. Lab. L. § 195(3). On November 2, 2023, Judge Schofield granted Plaintiff's motion for conditional collective certification of the FLSA claim. Plaintiff disseminated the Court-approved notice on December 15, 2023, and the opt-in deadline was January 31, 2024. Twenty-two (22) individuals ultimately joined the action as Opt-In Plaintiffs in response to that notice. Plaintiffs served interrogatories and document requests on Defendant relating to the Opt-In Plaintiffs on or around December 26, 2023. On January 16, 2024, at the request of Defense counsel, the parties had a call concerning Opt-In discovery. On this call, Plaintiff's counsel agreed to extend the time for Defendant to respond to Plaintiff's requests.[1] At no point during this call did Defendant's counsel give any indication that they intended to seek *any discovery* from the Opt-In Plaintiffs or raise any concerns about extending the opt-in discovery period for any reason.

  On February 28 (9 days before the opt-in discovery deadline and almost a month after the opt-in period closed), Defense counsel sought Plaintiff's consent to extend the deadline for opt-in discovery, noting that because this case was reassigned to your Honor that this Court "may be

---

[1] Defendant completed their opt-in discovery responses and document production on Saturday, February 24. On February 28, Plaintiff raised two straightforward deficiencies related to Defendant's production and requested that Defendant meet and confer with Plaintiff's counsel to attempt to resolve the dispute without the need of Court intervention. On February 29 Plaintiff, again, asked to meet and confer. The parties are scheduled to meet and confer on this issue this afternoon. Should the parties be unable to resolve the dispute, or Defendant refuse to meet and confer in a timely manner, Plaintiff intends to raise the discovery issues with the Court pursuant to your Honor's Individual Rule II.A.6.

# JOSEPH & KIRSCHENBAUM LLP
## ATTORNEYS AT LAW

more amenable to discovery extensions." At this point, Defense counsel had not served a single discovery request or deposition notice upon any Opt-In Plaintiff. Plaintiff did not consent to the extension of the deadline, as Defendant had not pursued any opt-in discovery, any discovery served at that point would be untimely, and Defendant had provided no reason for their extreme delay in seeking even initial discovery. Upon learning that Plaintiff would not consent to a discovery extension, Defendant immediately served document requests and interrogatories on the Opt-In Plaintiffs. As these requests were served less than 30 days before the discovery deadline, they were untimely, and Opt-In Plaintiffs did not need to respond to them. *See*, *e.g.*, *Pullano v. UBS/Paine Webber, Inc.*, No. 03 CV 6313, 2007 U.S. Dist. LEXIS 103817, at *10 (W.D.N.Y. Mar. 21, 2007). To date, Defendant has not served a single notice of deposition on any Opt-In Plaintiff.

Plaintiff respectfully submits that in its February 29 letter to the Court, Defendant failed to establish good cause for extending the opt-in discovery deadline. In order to satisfy the good cause standard for a discovery extension, "the movant must demonstrate that it has been diligent in its efforts to meet the court's deadlines." *Stewart v. Hudson Hall LLC*, Case No. 20 Civ. 885, 2021 U.S. Dist. LEXIS 18754, at *5 (S.D.N.Y. Feb. 1, 2021) (internal citations and quotations omitted). "Simply put, discovery should not be extended when a party had ample opportunity to pursue the evidence during discovery." *Id.* at 6 (internal citations and quotations omitted). Defendant has not been diligent, and in fact has been dilatory, in its pursuit of opt-in discovery. In its letter to the Court, Defendant failed to inform the Court of its gross delay in seeking opt-in discovery and has offered no reason for why it waited to seek any discovery from Opt-In Plaintiffs until nine days before the applicable discovery deadline, and nearly a month after the opt-in deadline. *See id.* at 6-10 (denying request to extend discovery because, in part, movant failed to take timely steps to pursue discovery).

For these reasons, Plaintiff respectfully requests that the Court reconsider its order granting an extension of the Opt-In Discovery period and, in turn, deny Defendant's request for an extension of the Opt-In Discovery period.

Respectfully submitted,

/s/ Michael DiGiulio
Michael DiGiulio
32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-688-2548

*Attorneys for Plaintiffs*

cc: All counsel (via ECF)