Case 1:23-cv-02778-MMG   Document 104   Filed 03/29/24   Page 1 of 3

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/29/2024

> Plaintiff and Opt-In Plaintiffs' discovery motion is GRANTED. Defendant City Winery is hereby ORDERED to produce a witness pursuant to FRCP 30(b)(6) for a deposition before the close of fact discovery. However, any such deposition is to be **strictly limited** to topics related to documents produced during Opt-In discovery that were not available to Plaintiff at the time of the prior FRCP 30(b)(6) depositions.
>
> The Clerk of Court is respectfully directed to terminate Dkt. No. 102.
>
> SO ORDERED. Dated March 29, 2024.
>
> HON. MARGARET M. GARNETT
> UNITED STATES DISTRICT JUDGE

Leah Seliger
Michael DiGiulio

March 25, 2024

**Via ECF**

Honorable Margaret M. Garnett
United States District Judge
40 Foley Square, Room 2102
New York, NY 10007

Re:   *Chapman v. City Winery NY – Pier 57, LLC* – Case No. 1:23-CV-02778

Dear Judge Garnett:

We represent the Plaintiff and Opt-In Plaintiffs in the above referenced action. Pursuant to your Honor's rules, we seek to compel Defendant to appear for a second noticed FRCP 30(b)(6) deposition or, in the alternative, request leave to take such deposition. On March 22, 2024, I conferred by phone about this issue with Defendant's counsel Adil Yaqoob and Paul Rutigliano at 10:30 am for approximately 5 minutes. At the end of the call the parties agreed that we were at an impasse.

This a wage and hour collective and putative class action asserting claims for unpaid overtime under the FLSA and New York law, unpaid New York minimum wage compensation, and failure to provide wage statements that comply with NYLL § 195(3). Specifically, the complaint alleges that Defendant (1) unlawfully paid service employees pursuant to a tip credit while requiring them to spend more than 2 hours or 20% of their shifts performing non-tipped work, resulting in unpaid New York minimum wage compensation and unpaid FLSA and New York overtime compensation; (2) clocked service employees out before they finished working, resulting in unpaid overtime and non-overtime hours; and (3) did not state service employees' actual hours worked on their paystubs. One person, Sheyla Pallet, joined the case as an Opt-In Plaintiff at the outset of the action. *See* Dkt. No. 4. The initial fact discovery period, which was limited to discovery relating to Chapman and Pallet, closed on November 17, 2023. *See* Dkt. No. 64. While Plaintiff sought classwide discovery during that period – such as classwide schedules, time records, pay records, and documents concerning job duties – Defendant refused to produce those documents, and Judge Schofield denied Plaintiff's motion to compel production of those documents as premature, thereby emphasizing the limited scope of first phase discovery. Dkt. No. 53. During the first phase of discovery, Plaintiff took a 30(b)(6) deposition of Defendant focused on issues related to Chapman and Pallett's wage and hour claims, as well as Defendant's general policies and practices relevant to the issues in this case.

On November 2, 2023, Judge Schofield conditionally certified an FLSA collective. Plaintiff disseminated the Court-approved notice on December 15, 2023, and the opt-in deadline was January 31, 2024. 22 individuals (the "Opt-In Plaintiffs"[1]) joined the action in response to that notice. On December 26, 2023, Plaintiff served discovery requests relating to the Opt-In Plaintiffs. Defendant

---

[1] For purposes of this letter and motion, "Opt-In Plaintiffs" does not include Pallet.

1

completed their opt-in discovery responses and document production on March 19, 2024. This production included over 2,000 pages of new documents, including each Opt-In Plaintiff's personnel file, pay records, schedules, and clock in/out records; numerous spreadsheets containing what appears to be data from Defendant's record keeping system showing messages, schedules, time alterations, and assignments for each Opt-In Plaintiff; and documents concerning the run times of concerts held at Defendant's venue and when customers were admitted to concerts, which in turn bears on the amount of time Opt-In Plaintiffs spent performing non-tipped work before customers were present. To date, the Opt-In Plaintiffs have not had the ability or opportunity to question Defendant as to the substance or authenticity of any of these documents or about any Opt-In Plaintiff's specific employment with Defendant. Accordingly, on March 20, 2024, Plaintiff served a second 30(b)(6) deposition notice on Defendant, which he amended on March 21, 2024, *see* Ex. 1, that is focused on information concerning the Opt-In Plaintiffs and documents produced by Defendant during the opt-in discovery phase.

Courts have reached different conclusions about whether court permission is required under FRCP 30(a)(2)(A) to serve a second FRCP 30(b)(6) deposition notice on a corporation. *Compare*, *e.g.*, *Quality Aero Tech. v. Telemetrie Elektronik*, 212 F.R.D. 313 (E.D.N.C. 2002) (permission not required), *with State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227 (E.D. Pa. 2008) (permission required). The Second Circuit has not ruled on this question. However, whether this motion is considered as a motion to compel a deposition or for leave to take a deposition, it should be decided based on the scope of discovery set forth in FRCP 26(b). *See Convermat Corp. v. St. Paul Fire & Marine Ins. Co.*, No. CV 06-1045, 2007 U.S. Dist. LEXIS 69102 (E.D.N.Y. Sept. 18, 2007); *Ganci v. U.S. Limousine Serv., Ltd.*, No. CV 10-3027, 2011 U.S. Dist. LEXIS 106320 (E.D.N.Y. Sept. 21, 2011). To be sure, FRCP 30(a)(2) provides that a "court *must* grant leave [to take a second deposition of a witness] to the extent consistent with Rule 26(b)(1) and (2)[.]" (Emphasis added.) *See also Eshelman v. Puma Biotechnology, Inc.*, No. 16 CV 18, 2018 U.S. Dist. LEXIS 2853, at *12 (E.D.N.C. Jan. 8, 2018); *Ganci v. U.S. Limousine Serv., Ltd.*, No. CV 10-3027, 2011 U.S. Dist. LEXIS 106320 (E.D.N.Y. Sept. 21, 2011).

FRCP 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

A court may limit discovery within the scope of FRCP 26(b)(1) that "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . or the party seeking discovery has had ample opportunity to obtain the information by discovery in the action[.]" FRCP 26(b)(2)(C). *See, e.g, Hedgeye Risk Mgmt., LLC v. Dale*, No. 21-CV-3687, 2023 U.S. Dist. LEXIS 111127, at *11-12 (S.D.N.Y. June 28, 2023). Importantly, "[t]he party opposing the second deposition bears the burden of showing that granting the motion would run afoul of Rules 26(b)(1) and (2)." *Kiarie v. Dumbstruck, Inc.*, No. 19 Civ. 827, 2020 U.S. Dist. LEXIS 73981, at *3 (S.D.N.Y. April 27, 2020) (internal citations omitted).

Here, the topics listed in the deposition notice directly relate to each Opt-In Plaintiffs' claims and the documents Defendant produced during the opt-in discovery period. Ex. 1. Plaintiff had no opportunity

to question Defendant about these topics at the prior 30(b)(6) deposition because at that time the Opt-In Plaintiffs had not yet joined the action, it was unknown who would join the action, and the documents in issue had not been produced. Notably, this is the only opportunity for the Opt-In Plaintiffs to authenticate any of the documents produced during the opt-in discovery period or to ask any questions about the substance of any of the documents recently produced. The clock in and out times, information in the opt-in documents identifying Opt-In Plaintiffs' work assignments, documents concerning concert run times and customer admission times; and the identities of who made clock in/out entries are all highly relevant to determining (1) the amount of time Opt-In Plaintiffs spent performing non-tipped work and (2) whether and when Opt-In Plaintiffs were clocked out before they finished working. A 30(b)(6) deposition is the most efficient way to obtain information about these issues and the other topics identified in the deposition notice, as any other method would involve numerous depositions of fact witnesses. Given the importance of this information, an additional 30(b)(6) deposition is proportional to the case.

FRCP 26(b)(2)(C) does not bar this deposition. Contrary to Defendant's position, the requested deposition would not be "unreasonably cumulative or duplicative." FRCP 26(b)(2)(C). As noted above, there has been no prior opportunity to depose Defendant about the Opt-In Plaintiffs specifically or documents produced during opt-in discovery. Defendant has argued that because Plaintiff deposed it concerning Chapman and Pallet's pay records, time records, schedules, and personnel file, any questions related to the Opt-In Plaintiffs' pay records, time records, schedules, and personnel files would be duplicative because they are the same "types" or "categories" of documents. This confuses the general with the specific – Opt-In Plaintiffs have the right to authenticate and question Defendant about the specific information contained in the newly produced documents. Moreover, many of the documents – particularly time records and schedules – that Defendant has produced for the Opt-In Plaintiffs are not in the same format as documents that were produced for Chapman and Pallet. As such, these documents are materially different in form and substance from other documents produced in this litigation, and there is simply no basis for contending that questions related to these newly produced documents would be duplicative on any level. In addition, no documents concerning concert run times and customer admission times were produced prior to the previous 30(b)(6) deposition. In fact, Plaintiff only learned of the existence of these documents during the previous deposition, and most of these documents that have been produced were produced during opt-in discovery.[2]

For the reasons stated herein, the Opt-In Plaintiffs respectfully request that the Court order Defendant to produce a witness, pursuant to FRCP 30(b)(6) to testify on their behalf as to the noticed designated matters on a date and time to be mutually agreed upon by the parties.

Respectfully Submitted

/s/ Michael DiGiulio
Michael DiGiulio

---

[2] In essence, Defendant's position is that it gets to depose any of the Opt-In Plaintiffs it wants (indeed, Defendant has noticed depositions for six Opt-In Plaintiffs), but the Opt-In Plaintiffs may not depose Defendant. Such one-sided discovery would plainly prejudice the Opt-In Plaintiffs who joined this case.