

Paul J. Rutigliano

Akerman LLP
1251 Avenue of the Americas, 37th Floor
| New York, NY 10020
D: 212-259-6436 | C: 631-433-8580

April 17, 2024

**VIA ECF**

The Honorable Judge Margaret M. Garnett
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re:    *Chapman et al. v. City Winery NY-Pier 57, LLC*
               Case No.  1:23-cv-02778(LGS)

Dear Judge Garnett:

      We represent defendant City Winery NY-Pier 57, LLC ("Defendant") in the above-captioned matter. We write to respectfully request that the Court order certain opt-in Plaintiffs to appear for their properly noticed depositions and if they fail to confirm their attendance at such deposition within five days of the date their deposition is scheduled and/or fail to show up for their deposition, to dismiss their claims with prejudice, and to allow Defendant to take the deposition of a different opt-in Plaintiff for every opt-in Plaintiff that fails to appear for their deposition. Consistent with this request, Defendant respectfully requests that the Court extend the discovery deadline for opt-in Plaintiffs from April 22, 2024 up to and until May 22, 2024, to complete these depositions.

      By way of background, Defendant noticed the deposition of opt-in Plaintiffs Anthony Santana, Daniel Brooks, Denise Luna, Julines Irizarry, Prescilla Perkins, and Jason Vogel on March 22, 2024, a month prior to the current opt-in discovery deadline in this case. On April 1, 2024, counsel for Plaintiff provided the dates and times that Plaintiffs Brooks, Luna, Santana, and Vogel were available for depositions. In response to this email, on April 3, 2024, counsel for Defendant confirmed that they were available to take the depositions of opt-in Plaintiffs Brooks, Luna, Santana, and Vogel on certain of the dates provide by Plaintiff's counsel and requested that Plaintiff's counsel confirm that the opt-in Plaintiff's were in fact available on those dates. Additionally, Defendant's counsel asked Plaintiff's counsel to advise if opt-in Plaintiffs Irizarry and Perkins were available to be deposed.

akerman.com

The Honorable Margaret M. Garnett
April 17, 2024
Page 2

_____

On April 4, 2024, Plaintiff's counsel confirmed the dates and times for the depositions of Brooks, Luna, and Vogel—but could not confirm the date and time for Santana's deposition and did not at all respond to Defendant's question regarding Irizarry and Perkins' depositions.[1] On April 8, 2024, Defendant's tried to confirm Santana's availability for a deposition on the noticed date, but Plaintiff's counsel once again, could not confirm Santana's availability and stated that he would continue to try to confirm Santana's deposition. Additionally, the Friday before Luna's deposition, which was scheduled for the following Monday, Plaintiff's counsel abruptly advised that despite previously confirming the date and time of Luna's deposition they would have to cancel the deposition because they had been "unable to contact [Luna] all week."

On April 16, 2024, counsel for Defendant emailed Plaintiff's counsel asking him to confirm the availabilities of Luna, Santana, and Perkins for depositions and noted that Defendant's counsel would be available on the afternoons of April 17 and April 18, and all day on April 22 to take their depositions. Defendant's counsel advised that if Plaintiff's counsel was not able to confirm the availabilities of these individuals by noon on April 17, 2024, Defendant's counsel would be writing to the Court for relief, including a request to extend the discovery deadline to allow Defendant to complete the noticed depositions. Earlier today, Plaintiff's counsel responded saying that he would not be able to confirm Luna, Santana, and Perkins' availability for depositions and that he would be opposing an extension of the discovery deadline because, according to him, this situation does not qualify "as extraordinary circumstances under the Court's order concerning extensions of the opt-in discovery deadline."

Now, Defendant respectfully moves this Court to order opt-in Plaintiffs Luna, Santana, and Perkins to appear for their depositions and if they fail to confirm their attendance at depositions within five days of the date their depositions are scheduled and/or fail to show up for their depositions, to dismiss their claims with prejudice, and to allow Defendant to take the deposition of a different opt-in Plaintiff for every opt-in Plaintiff that fails to appear for their deposition.[2] It is well-settled that an opt-in FLSA plaintiff is required to participate in party discovery, and that his claims may be dismissed should he willfully fail, after being adequately warned, to appear for deposition. *See e.g., Morangelli v. Chemed Corp.*, 2011 WL 7475, at *1-2 (E.D.N.Y. 2011) (ordering opt-in FLSA plaintiffs who previously failed to appear for deposition to do so within three weeks or else "have their claims dismissed with prejudice"). To allow Defendant to complete the aforementioned depositions, Defendant requests an extension of the opt-in discovery deadline from April 22, 2024 to May 22, 2024.

This is Defendant's second request for an extension of the opt-in discovery deadline, which is only necessitated because Plaintiff's counsel has been unable to confirm dates to complete the noticed opt-in Plaintiff depositions, which were served almost four weeks ago. The first request

_____

[1] On April 4, 2024, Irizarry withdrew from this case.
[2] Defendant noticed the deposition of 6 of the 21 opt-in Plaintiffs. Defendant requests that if either or all of Luna, Santana or Perkins do not attend their deposition, that Defendant be permitted to notice the deposition of another opt-in Plaintiff, to allow Defendant to complete at least five opt-in Plaintiff depositions (approximately 25% of the opt-in collective).

The Honorable Margaret M. Garnett
April 17, 2024
Page 3

_____

was granted on February 29, 2024. As noted above, Plaintiff's counsel does not consent to the requested extension, asserting that the situation described in this letter does not constitute "extraordinary circumstances" justifying an extension. However, contrary to Plaintiff's assertion, Defendant's inability to take Luna, Santana, and Perkins' depositions thus far is entirely the result of these individuals' lack of responsiveness to Defendant's repeated requests to confirm their deposition dates. Moreover, Defendant needs to take the depositions of at least five opt-in Plaintiffs for its anticipated motion for summary judgment and motion to decertify the collective, and permitting the opt-in Plaintiffs to frustrate that aim by failing to sit for depositions would be patently unfair.

Accordingly, Defendant respectfully requests an order requiring opt-in Plaintiffs Luna, Santana, and Perkins to appear for their depositions and if they fail to confirm their depositions within five days of the date their depositions are scheduled and/or fail to show up for their depositions, to dismiss their claims with prejudice, and to allow Defendant to take the deposition of a different opt-in Plaintiff for every opt-in Plaintiff that fails to appear for their deposition. Pursuant to this request, Defendant respectfully requests an extension of the discovery deadline, up to and until May 22, 2024, to complete the depositions. Defendant also requests adjournment of the post-discovery management conference currently scheduled for May 23, 2024 to June 24, 2024, or another date convenient for the Court.

Thank you for your time and consideration.

Respectfully Submitted,

*/s/ Paul J. Rutigliano*
Paul J. Rutigliano
Partner

cc:

Plaintiff's attorney (via ECF)