# JOSEPH & KIRSCHENBAUM LLP
## ATTORNEYS AT LAW

April 17, 2024

**VIA ECF**

Judge Margaret M. Garnett
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    *Chapman v. City Winery NY – Pier 57, LLC*
               Case No. 1:23-cv-02778

Dear Judge Garnett:

      We represent the Plaintiffs in the above-referenced action. We write to oppose in part Defendant's letter motion to compel discovery and extend the discovery deadline that it filed earlier today. Specifically, while Plaintiffs do not oppose an order compelling Opt-In Plaintiffs Anthony Santana, Denise Luna, and Priscilla Perkins to appear for depositions by a date certain, Plaintiffs otherwise oppose Defendant's requests for a general extension of the opt-in discovery deadline and to take the depositions of unidentified Opt-In Plaintiffs if Santana, Luna, and/or Perkins do not appear.

      On February 28, 2024, just nine days before the then-existing opt-in discovery deadline, Defendant for the first time served discovery requests seeking information concerning the Opt-In Plaintiffs who joined this action pursuant to Court-ordered notice. On February 29, 2024, Defendant requested, and this Court granted, an extension of the opt-in discovery deadline from March 8, 2024 to April 22, 2024. Defendant did not serve deposition notices on any of the Opt-In Plaintiffs until March 22, 2024, when it served deposition notices on just six out of 22 Opt-In Plaintiffs.[1]

      Notwithstanding Defendant's assertion in its April 17, 2024 letter that it "needs to take the depositions of at least five opt-in Plaintiffs[,]" Defendant never previously stated that position to Plaintiffs, and it has not articulated why this is necessary. To be clear, prior to the filing of its April 17, 2024 letter, Defendant never informed Plaintiffs that if it was unable to depose any of the six deponents it would seek to depose alternate Opt-In Plaintiffs, and it never met and conferred with Plaintiffs about its desire to take additional depositions. In fact, although one of the Opt-In Plaintiffs that Defendant noticed for deposition – Julines Irizarry – formally withdrew his consent to sue on April 4, 2024, 18 days before the discovery deadline, Defendant did not serve a deposition notice on an alternate Opt-In Plaintiff or informally ask Plaintiffs to schedule the deposition of an alternate Opt-In Plaintiff. Nor did Defendant seek the deposition of alternate Opt-In Plaintiffs on April 10, 2024, when Plaintiffs' counsel stated they were unable to confirm a deposition date for

---

[1] Before the current phase of discovery, Defendant deposed Named Plaintiff Ke'Mon Chapman and Opt-In Plaintiff Sheyla Pallett. In the current phase of discovery, Defendant has deposed Opt-In Plaintiffs Daniel Brooks and Jason Vogel.

# JOSEPH & KIRSCHENBAUM LLP
## ATTORNEYS AT LAW

Opt-In Plaintiff Santana, or on April 12, 2024, when Plaintiffs' counsel cancelled the deposition of Opt-In Plaintiff Luna because they had been unable to contact her, even though on both those occasions it was clear that the depositions of those individuals were unlikely to proceed.

As the depositions of Opt-In Plaintiffs Santana, Luna, and Perkins were timely noticed, Plaintiffs do not oppose Defendant's request that the Court order them to appear for depositions. As Plaintiffs' counsel's office will be closed for four days over the next two weeks for Passover, which will impede our ability to reach out to these individuals, we respectfully request that the deadline for these depositions be May 31, 2024 rather than May 22, 2024 as requested by Defendant. To the extent that Defendant intends to seek to dismiss these individuals if they do not appear for deposition, they must first be warned by the Court of that potential consequence. *See*, *e.g.*, *Julian v. Metro Life Ins.*, 2020 U.S. Dist. LEXIS 61809 (S.D.N.Y. Apr. 7, 2020).

However, Defendant has provided no justification for why (1) Opt-In Plaintiffs Santana, Luna, and Perkins should be dismissed if they merely do not confirm their deposition dates five days in advance or (2) a discovery extension is needed for any purpose other than taking these three depositions. Therefore, this requested relief should not be granted. Moreover, having failed to diligently seek the depositions of any Opt-In Plaintiffs other than the six Defendant previously noticed, despite ample opportunity to do so, there are no "extraordinary circumstances" warranting an extension of discovery to take any currently unnoticed depositions.

For these reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to compel and extend discovery except to the extent that it seeks an order compelling Opt-In Plaintiffs Santana, Luna, and Perkins to appear for depositions and warning them that their FLSA claims may be dismissed if they fail to do so.[2]

Respectfully submitted,

/s/ Denise A. Schulman
Denise A. Schulman

cc: All counsel (via ECF)

---

[2] In the event that Defendant ultimately seeks to dismiss one or more Opt-In Plaintiffs, it should be required to do so by letter motion so that Plaintiffs have the opportunity to present an opposition.