

Paul J. Rutigliano

Akerman LLP
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
D: 212-259-6436 | C: 631-433-8580

May 20, 2024

**VIA ECF**

The Honorable Judge Margaret M. Garnett
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re:    *Chapman et al. v. City Winery NY-Pier 57, LLC*
                **Case No.  1:23-cv-02778(LGS)**

Dear Judge Garnett:

      We represent defendant City Winery NY-Pier 57, LLC ("Defendant") in the above-captioned matter. We write to respectfully write to: (1) renew Defendant's request to depose alternative Opt-In Plaintiffs; and (2) move to have non-appearing Opt-In Plaintiffs, who have not appeared for their noticed depositions, dismissed from the case.

      By way of background, on April 25, 2024, this Court compelled the depositions of Opt-In Plaintiffs Denise Luna, Anthony Santana, and Prescilla Perkins, and ordered these Opt-In Plaintiffs to confirm their availability for a deposition no less than three days prior to any scheduled deposition. *See* ECF Dkt. No. 108.  The Court further ordered, in the event that any of these Opt-In Plaintiffs do not confirm and/or attend their depositions, that Defendant promptly renew its request to depose alternative Opt-In Plaintiffs to replace any non-appearing, compelled Opt-In Plaintiff and to have the non-appearing, compelled Opt-In Plaintiff's claims dismissed from this action.

      In light of this order, and on the same day the Court entered the order, counsel for Defendant asked Plaintiff's counsel for Luna, Santana, and Perkin's availability for a deposition and provided Plaintiff's counsel with potential deposition dates. On May 5, 2024, Perkins withdrew from the lawsuit. On May 7, 2024, counsel for Defendant followed up with Plaintiff's counsel regarding the availability of Luna and Santana for a deposition, and also noticed the deposition of Opt-In Plaintiff Shannon Gonzalez, as a substitute for Perkins. On May 13, 2024, Plaintiff's counsel responded by stating that he cannot confirm deposition dates for Luna and Santana. Plaintiff's counsel also objected to the deposition of Gonzalez and stated that he would

akerman.com

76461072;1

The Honorable Margaret M. Garnett
May 20, 2024
Page 2

_____

not be producing Gonzalez for a deposition. That same day, Defendant sent amended notices of deposition for the depositions of Luna and Santana to Plaintiff's counsel seeking to depose Luna on May 20 and Santana on May 21. Defendant further advised Plaintiff's counsel that if he did not agree to produce Gonzalez for a deposition that Defendant would seek court intervention. On May 17, 2024, counsel for Plaintiff was once again unable to confirm Luna and Santana's availabilities for depositions and restated that he objected to the deposition of Gonzalez. Now, Defendant respectfully seeks an order compelling the depositions of three alternative Opt-In Plaintiffs, in light of Luna, Santana, and Perkin's failing to appear for their noticed depositions, and an order dismissing Luna and Santana from the case.

Defendant respectfully requests an order compelling the depositions of Opt-In Plaintiffs Gonzalez, Kashir Sims, and Steven Hill, as substitutes for Luna, Santana, and Perkins, each of whom have failed to confirm their deposition dates and/or appear for their depositions. Perkins withdrew from the lawsuit on May 5, 2024, and Luna and Santana have failed to confirm a date for their depositions, despite multiple attempts by Defendant to confirm their depositions and offering several available dates. Further, Defendant requests that Gonzalez, Sims, and Hill be required to confirm their depositions within two days of their scheduled deposition dates, upon notice of deposition served by Defendant, and that Defendant be allowed to move this Court to dismiss their claims and request additionally alternative Opt-Ins if any or all of them should fail to confirm their depositions within two days of their scheduled depositions or fail to show up for their depositions.

Additionally, Defendant requests that Luna and Santana's claims be dismissed with prejudice because of their failure to appear for a deposition despite an order from this Court warning that if they do not appear for their depositions their claims may be dismissed. Luna and Santana's failure to appear for their depositions is more than sufficient grounds for dismissal and no excuse has been provided for their failure to comply with their discovery obligations and this Court's order. *See e.g.*, *Morangelli v. Chemed Corp.*, 2011 WL 7475, at *1-2 (E.D.N.Y. 2011) (ordering opt-in FLSA plaintiffs who previously failed to appear for deposition to do so within three weeks or else "have their claims dismissed with prejudice").

Thank you for your time and consideration.

Respectfully Submitted,

*/s/ Paul J. Rutigliano*
Paul J. Rutigliano
Partner

cc:

Plaintiff's attorney (via ECF)