# JOSEPH & KIRSCHENBAUM LLP
## ATTORNEYS AT LAW

May 21, 2024

**VIA ECF**

Judge Margaret M. Garnett
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: *Chapman v. City Winery NY – Pier 57, LLC*
       Case No. 1:23-cv-02778

Dear Judge Garnett:

  We represent the Plaintiffs in the above-referenced action. We write to oppose Defendant's request to dismiss two Opt-In Plaintiffs and depose three additional Opt-In Plaintiffs.[1] Dkt. No. 110 ("Letter Motion"). Defendant's request to dismiss is premature, and in any event any dismissal should be without prejudice. Defendant has not shown good cause or extraordinary circumstances warranting additional time to depose alternate Opt-In Plaintiffs, or even articulated any reason why such depositions are necessary. Accordingly, the Letter Motion should be denied.

## **Background**

  In the initial discovery period that concluded last year, Defendant deposed Named Plaintiff Ke'Mon Chapman and Opt-In Plaintiff Sheyla Pallett. On February 28, 2024, just nine days before the then-existing opt-in discovery deadline, Defendant for the first time served document requests and interrogatories concerning the 22 Opt-In Plaintiffs who joined this action pursuant to Court-ordered notice (the "Opt-In Plaintiffs"). It did not serve any deposition notices at that time. On February 29, Defendant requested an extension of the opt-in discovery deadline from March 8 to April 22, 2024. The Court granted that request but stated that "no further extensions . . . will be granted absent extraordinary circumstances." Dkt. No. 101. All of the Opt-In Plaintiffs who are currently in this case responded to Defendant's discovery requests. Defendant did not serve deposition notices on any Opt-In Plaintiffs until March 22, when it served deposition notices on just six out of 22 Opt-In Plaintiffs. Two of those Opt-In Plaintiffs were deposed. Of the other four, Julines Irizarry withdrew from the case on April 4, and Denise Luna, Anthony Santana, and Prescilla Perkins did not confirm deposition dates.

  On April 17, Defendants moved to (1) extend the opt-in discovery deadline; (2) compel Luna, Santana, and Perkins to appear for deposition; and (3) allow Defendant to depose alternates should these three Opt-In Plaintiffs not appear. Dkt. No. 106. On April 25, this Court ordered Luna, Santana, and Perkins to appear for deposition, and extended the fact discovery deadline until May 31, 2024 "solely for the purpose of completing the[se] depositions." Dkt. No. 108 ¶ 2 ("Order"). The Court did not rule on Defendant's request to depose substitute Plaintiffs but ordered Defendant to "promptly renew [that] request" should any of the above Opt-In Plaintiffs fail to appear or

---

[1] This is Defendant's third request for an extension of time to complete opt-in discovery.

JOSEPH & KIRSCHENBAUM LLP
ATTORNEYS AT LAW

confirm their availability. Dkt. No. 108 at ¶ 5.

On May 1, 2024, Perkins withdrew from the lawsuit.[2] *See* Dkt. No. 109. On May 7, without the Court's authorization, Defendant served a notice of deposition on Opt-In Plaintiff Shannon Gonzalez. Plaintiffs objected to this deposition notice because Defendant had failed to obtain Court approval. On May 13, Defendant served amended deposition notices on Luna and Santana for May 20 and 21, respectively. Plaintiffs' counsel has been unable to confirm Luna and Santana's availability for deposition.

### Luna and Santana's Claims Should Not Be Dismissed With Prejudice

With respect to Defendant's request to dismiss Luna and Santana, the Court gave them until May 31 to appear at a deposition. Order at ¶¶ 2, 3. Therefore, Defendant's request to dismiss is premature, as they have until the end of the month to comply with the Court's Order.

If the Court nonetheless grants Defendant's motion to dismiss Luna and Santana's claims, the dismissal should be without prejudice. *See Perry v. City of New York*, No. 13 CV 1015, 2016 U.S. Dist. LEXIS 205871, at *9-11 (noting that "dismissal with prejudice is a 'harsh remedy to be used only in extreme situations'" and dismissing claims of FLSA plaintiffs who did not respond to discovery without prejudice). If the Court were to consider a dismissal with prejudice, such dismissal should only be with respect to Luna and Santana's FLSA claims so that they may still participate as class members if a Rule 23 class of the New York claims in this action is certified. *See Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 10 Civ. 7304, 2014 U.S. Dist. LEXIS 116613, at *7 (S.D.N.Y. June 6, 2014), *aff'd* by 2014 U.S. Dist. LEXIS 116111 (S.D.N.Y. Aug. 19, 204) ("In cases involving FLSA collective action claims and state law claims, courts have declined to dismiss the state law claims of plaintiffs who failed to comply with discovery imposed upon them as a result of their choice to opt-in to a FLSA collective action. The Non-Compliant Plaintiffs have obligations to participate in FLSA discovery because of their choice to opt-in to the FLSA collective actions, but have no obligations to participate in discovery that arises from their state law claims. It would be unjust to dismiss Plaintiffs' state law claims when they fail to comply with FLSA discovery while other Plaintiffs who never opted in to the FLSA and never had discovery obligations imposed upon them through FLSA are not subject to dismissal."); *In re Doria/Memon Disc. Stores Wage & Hour Litig.*, No. 14 Civ. 7990, 2018 U.S. Dist. LEXIS 42854, at *9-12 (S.D.N.Y. Mar. 15, 2018); *Morse v. Alpine Access, Inc.*, No. 17 CV 235, 2017 U.S. Dist. LEXIS 160138, at *8 (N.D.N.Y. Sept. 26, 2017); *Scott v. Chipotle Mexican Grill, Inc.*, No. 12 CV 08333, 2015 U.S. Dist. LEXIS 175727, at *237-37; (S.D.N.Y. July 15, 2015).

### Defendant Should Not Be Allowed to Depose Alternative Opt-In Plaintiffs

Defendant's request to depose three alternate Opt-In Plaintiffs should be denied because there is no good cause or extraordinary circumstances warranting yet another discovery extension, and Defendant has failed to explain why it needs more depositions.

Defendant's Letter Motion does not give any reason why they are entitled to depose three

---

[2] Defendant incorrectly states that Opt-In Plaintiff Perkins withdrew on May 5. Letter Motion at 1.

32 Broadway • Suite 601 • New York, New York 10004
Phone 212-688-5640 • Fax: 212-688-2548

JOSEPH & KIRSCHENBAUM LLP
ATTORNEYS AT LAW

additional Opt-In Plaintiffs after the opt-in discovery deadline. Under Fed. R. Civ. P. 16(b)(4), "[a] schedule may be modified only for good cause[.]" A finding of "good cause" depends on the diligence of the moving party. *Parker v. Columbia Pictures Indus.*, 204 F.3d 325, 340 (2d Cir. 2000). Similarly, in granting Defendant's first request for an extension of the opt-in discovery deadline, the Court stated that any future extensions would be granted only for "extraordinary circumstances." Dkt. No. 101. Defendant has not shown good cause or extraordinary circumstances.

Defendant has not acted diligently in seeking opt-in discovery in general, and depositions in particular, and therefore have not established good cause. Defendant chose not to seek any Opt-In Plaintiffs' depositions until a month before the (extended) deadline, and then noticed just six depositions. Defendant could have noticed more depositions in the likely event that some Opt-In Plaintiffs would fail to appear but did not do so, even after (1) Irizarry withdrew from the case; (2) Plaintiffs' counsel stated on April 10 that they could not confirm a deposition date for Santana; and (3) on April 12 Plaintiffs' counsel cancelled Luna's deposition. Instead, after first failing to make any timely discovery requests during the initial opt-in discovery period, Defendant waited until April 17, three business days before the extended discovery deadline, to seek any relief from the Court. In short, Defendant was not diligent. Just as Defendant cannot show good cause, the common occurrence of Opt-In Plaintiffs who failed to cooperate in discovery is not an "extraordinary circumstance."

Nor has Defendant articulated any reason why it needs additional depositions; in its Letter Motion Defendant simply asks for an order granting them additional depositions (and, if the replacement deponents do not appear, for further replacements). This case involves a single workplace that has operated since 2020. *Cf. Frisbie v. Feast Am. Diners, LLC*, No. 2020 U.S. Dist. LEXIS 81451, at *1-2 (W.D.N.Y. May 8, 2020) (in case with 20 opt-in plaintiffs, limiting depositions to one person from each of 16 restaurant locations). Defendant has deposed four Plaintiffs, and those Plaintiffs' periods of employment cover the entirety of proposed alternate deponents' periods of employment. Moreover, if the Court ultimately dismisses Luna and Santana, there will be 20 Plaintiffs remaining in the case, which means that Defendant will have deposed 20% of the Plaintiffs. In FLSA collective actions where only sample opt-in discovery is conducted, this percentage is squarely in line with the percentage of opt-in plaintiffs subject to deposition. *E.g., Dieffenbauch v. Rhinehart R.R. Constr. Inc.*, No. 8:17-CV-1180, 2021 U.S Dist. LEXIS 20109, at *6-7 (N.D.N.Y. Feb. 3, 2021) (allowing 4 opt-in depositions, or "over nine percent of the group" because it "suggests that the deponents' experience is representative of the collective"); *see also Onate v. Ahrc Health Care, Inc.*, No. 20-cv-8292 2023 U.S. Dist. LEXIS 191893, at *2, 6-7 (S.D.N.Y. Oct. 23, 2023) (allowing 15 opt-in depositions out of 1,105 opt-in plaintiffs); *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 188, 192 (S.D.N.Y. 2014) (allowing depositions of 10% of opt-ins). And unlike collective actions where only sample discovery is permitted, here all of the remaining Opt-In Plaintiffs have responded to Defendant's paper discovery requests.

For these reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to compel as described above.

Respectfully submitted,

# JOSEPH & KIRSCHENBAUM LLP
## ATTORNEYS AT LAW

/s/ Michael DiGiulio
Michael DiGiulio

cc: All counsel (via ECF)