# JOSEPH & KIRSCHENBAUM LLP
### ATTORNEYS AT LAW

August 21, 2024

**VIA ECF**

Judge Margaret M. Garnett
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

          Re:    *Chapman v. City Winery NY – Pier 57, LLC*
                Case No. 1:23-cv-02778

Dear Judge Garnett:

      We represent the Plaintiffs in the above-referenced action. Pursuant to your Honor's Individual Rule III(b)(5), we write the Court to respectfully request that if the case does not resolve at the upcoming mediation on September 5, the Court allow Plaintiffs to re-open discovery for the sole purpose of requesting documents and deposing Defendants' General Manager, Christian Copeland, about his conduct during the collective action notice period, including allegations that he pressured potential Opt-In Plaintiffs not to join the collective action. This relief is warranted because Plaintiffs' counsel just became aware of Mr. Copeland's highly inappropriate conduct and need additional information to determine if and how to remedy Defendants' conduct.

      By way of background this is a wage and hour collective and putative class action against the City Winery venue located at Pier 57 in Manhattan ("City Winery"), which asserts claims under the Fair Labor Standards Act ("FLSA") and New York law. On November 2, 2023, Judge Schofield granted Plaintiff's motion for conditional collective certification of the FLSA claim. Plaintiff disseminated the Court-approved notice on December 15, 2023, and the opt-in deadline was January 31, 2024. Twenty-two (22) additional individuals initially joined the action as Opt-In Plaintiffs in response to that notice. However, after submitting and filing consents to join the collective action, two current employees of Defendant notified Plaintiffs' counsel that they wanted to withdraw from the action. As a result, they withdrew them from the case. *See* Dkt. Nos. 105, 109. After two other Opt-In Plaintiffs were dismissed from the case for failing to appear for deposition, there are currently nineteen (19) Opt-In Plaintiffs in the case.[1] Opt-In discovery closed on May 31, 2024 (Dkt. No. 108); however, discovery was extended until July 19 to allow Defendants to complete the depositions of three additional Opt-In Plaintiffs (Dkt. No. 113). The parties completed the Opt-In depositions by July 19, 2024, and the parties have agreed to attend a mediation on September 5, 2024. *See* Dkt. No. 116.

      However, after opt-in discovery closed and the opt-in depositions completed, Plaintiffs' counsel was contacted by Vanessa Rodriguez, an ex-employee of Defendant who worked as a server. Ms. Rodriguez is a putative class member in this action. Ms. Rodriguez worked at City

---

[1] This includes Opt-In Plaintiff Sheyla Pallet, who joined the case prior to the collective action notice period. *See* Dkt. No. 4.

## JOSEPH & KIRSCHENBAUM LLP
ATTORNEYS AT LAW

Winery for a few months in 2022 and again from December 2023 through June 2024. *See* Rodriguez Declaration at ¶ 2, attached as Exhibit A ("Rodriguez Decl."). Ms. Rodriguez attests that in December 2023 she received the Court authorized email notice for the collective action in this case. *Id.* at ¶ 3. She then asked her managers at City Winery about the notice. *Id.* at ¶ 4. Ms. Rodriguez specifically asked an assistant General Manager named Freddie [last name unknown] about the notice. *Id.* at ¶ 5. Freddie told her that the notice related to a class action lawsuit and specifically warned her not to join, telling her "if I were you, I would not get involved." *Id.* at ¶ 6. Shortly after that interaction, City Winery's general manager, Christian Copeland approached Ms. Rodriguez and told her that he heard she received an email and that "it was not a good idea" to join the lawsuit and that it "might jeopardize" her job if she did. *Id.* at ¶¶ 7-8. Ms. Rodriguez attests that she did not join this case as an Opt-In Plaintiff because of what Defendant's managers told her and because she was afraid that she would lose her job if she joined. *Id.* at ¶ 9.

Based on this, and other evidence[2], Plaintiffs' have a reasonable belief that the Defendant's managers pressured putative class members not to join this collective action, and Plaintiffs seek the opportunity to obtain relevant documents and depose Defendant's General Manager, Christian Copeland, about this issue. Contacting potential opt-in plaintiffs to dissuade them from joining a collective action is highly inappropriate and impedes the administration of justice. *See e.g., Magtoles v. United Staffing Registry, Inc.*, Case No. 21-CV-1850, 2022 U.S. Dist. LEXIS 160601, at *9-14 (E.D.N.Y. Sept. 6, 2022) (finding that email with "misleading statements" and "implicit threats…. constituted an improper, coercive, and misleading attempt to encourage class members opt out" adversely affected the administration of justice). Whether Defendant pressured potential Opt-In Plaintiffs (i.e., putative class members) is relevant to Plaintiff's upcoming Rule 23 motion and Defendants' anticipated motion to de-certify the collective. *See id.* at *9-14 (ordering curative notice to class members who opted out); *Romano v. SLS Residential, Inc.*, 253 F.R.D. 292, 294 (S.D.N.Y. 2008) (determining that all opt-outs from the class were void where Defendants engaged in deliberate and improper conduct by communicating misleading information to putative class members in an attempt to coerce them into opting out). In addition, depending on what Plaintiffs learn from this discovery, Plaintiffs may seek appropriate sanctions and/or other relief to remedy Defendants egregious conduct. *See e.g., Tedesco v. Mishkin*, 629 F. Supp. 1474, 1485 (S.D.N.Y. 1986) (ordering monetary and other sanctions against Defendant and attorney for inappropriate and unauthorized communications with class members).

Federal Rule of Civil Procedure 16(b) provides that a discovery schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b) (4). To satisfy this standard, "the movant must demonstrate that it has been diligent in its efforts to meet the court's deadlines." *Stewart v. Hudson Hall LLC*, Case No. 20 Civ. 885, 2021 U.S. Dist. LEXIS 18754, at *5 (S.D.N.Y. Feb. 1, 2021). The moving party "must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Id* at *6. Here, Plaintiff could not have taken this discovery prior to the May 31 opt-in discovery deadline because Plaintiff's counsel learned of Defendant's alleged tampering with the opt-in process *after* the discovery deadline. This deadline, as it pertains to this specific subject of discovery, could not

---

[2] Plaintiffs' counsel believes, based on privileged attorney-client communications, that at least one of the Opt-In Plaintiffs who "voluntarily" withdrew their consent to sue did so, in part, because of pressure from Defendant's managers.

32 Broadway • Suite 601 • New York, New York 10004
Phone 212-688-5640 • Fax: 212-688-2548

# JOSEPH & KIRSCHENBAUM LLP
## ATTORNEYS AT LAW

have been met by Plaintiffs. As noted above, this issue is directly relevant and material to the parties upcoming anticipated motions for class certification and for decertification of the collective. As such, the Court should re-open discovery to allow Plaintiff to depose Defendant's general manager and seek paper discovery on this issue.

For the reasons stated herein, Plaintiffs respectfully request that, should the case not settle at the upcoming mediation, the Court allow Plaintiffs to depose Mr. Copeland about his conduct during the collective action notice period. We thank the Court for its careful consideration of this request.

Respectfully submitted,

/s/ D. Maimon Kirschenbaum
D. Maimon Kirschenbaum
Michael DiGiulio
32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-688-2548

*Attorneys for Plaintiffs*

cc: All counsel (via ECF)