# EXHIBIT "B"

# NOTICE OF PROPOSED CLASS ACTION LAWSUIT SETTLEMENT AND FAIRNESS HEARING

**TO: PERSONS EMPLOYED AS A SERVER, BARTENDER, OR SERVICE ASSISTANT AT THE CITY WINERY VENUE/RESTAURANT LOCATED AT PIER 57 IN MANHATTAN BETWEEN APRIL 3, 2017 AND SEPTEMBER 20, 2024**

Based on information in the records of City Winery – Pier 57 LLC ("Defendant"), you were employed as a server, bartender, or service assistant at the City Winery venue/restaurant located at Pier 57 ("City Winery Pier 57") in Manhattan. If that is true, you may be eligible to participate in the proposed settlement of the case captioned *Chapman v. City Winery – Pier 57 LLC*, *et al.,* Case No. 23 CV 2778, currently pending in United States District Court for the Southern District of New York (the "Lawsuit").

## 1. WHAT IS THE PURPOSE OF THIS NOTICE?

**PLEASE READ THIS NOTICE CAREFULLY.** It contains important information about your rights concerning the settlement of the Lawsuit. If the Court approves the Settlement, each Class Member will be bound by the terms of the Settlement unless he/she affirmatively opts-out of the Settlement.

The Court has ordered that this Notice be sent to you to inform you of your rights under the Settlement Agreement resolving the Lawsuit.

## 2. WHAT IS THIS CASE ABOUT?

The Lawsuit asserts claims under the Federal Labor Standards Act ("FLSA") and New York law alleging that the Defendant paid servers, bartenders, and service assistants less than the full minimum wage and overtime rates for all hours worked and failed to provide them with the wage statements required under New York law.

Defendant denies these allegations in their entirety and maintains that it paid all employees properly for all hours worked and provided appropriate wage statements. The Parties have entered into this Settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expense. The Court has not made any ruling on the merits of the claims in the Lawsuit, and no party has prevailed in this action.

## 3. WHO IS INCLUDED IN THE CLASS?

The Parties have agreed to settle the Lawsuit for a class consisting of all persons employed by Defendant as servers, bartenders, and service assistants at City Winery Pier 57 between April 3, 2017 to September 20, 2024. You have received this notice because Defendant has identified you as a possible Class Member based on its records.

## 4. WHO ARE THE LAWYERS FOR THE CLASS, AND HOW WILL THEY BE PAID?

The Court has appointed D. Maimon Kirschenbaum, Denise A. Schulman, and Michael DiGiulio of Joseph & Kirschenbaum LLP, 32 Broadway, Suite 601, New York, NY 10004, 212-688-5640, mike@jk-llp.com to represent you and the other Class Members. These lawyers are called Class Counsel. You will not be charged separately for these lawyers. Their fees are being paid from the total settlement fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

Class Counsel will ask the Court to approve payment of their litigation expenses and attorneys' fees of up to one third of the Settlement Fund. The requested amount would pay Class Counsel for all work that they have performed in this action, including filing the complaint, investigating the facts, and negotiating and overseeing

the settlement.

## 5. HOW WILL MY SHARE OF THE SETTLEMENT FUND BE CALCULATED?

If the Court grants final approval of the Settlement, Defendant will pay a maximum of $725,000.00 in total settlement funds. If the Court also approves the payments set forth below, the following payments and expenses will be deducted from the $725,000.00 gross settlement amount prior to distribution of the settlement payments to Class Members:

- Attorneys' Fees and Costs: Class Counsel will apply to the Court for recovery of costs and attorneys' fees up to a maximum of a third of the Settlement Fund.

- Service Awards: If the Court approves such payments, the Named Plaintiff and Opt-In Plaintiffs may receive the following awards for services provided in this case: $7,500 to each of Ke'Mon Chapman and Sheyla Pallet; $1,000 to each of Daniel Brooks, Shannon Gonzalez, Steven Hill, Kashir Sims, and Jason Vogel; and $500 to each of Jamy Aguilera, Thatcher Ford, Matthew Hendrix, Fathay Kiawu, Terrance Mackie, Christopher Manfugas, Brian Marrero, Jonathan Politz, Nicole Rivera, Jonathan Romero, Whitney Simmons, Henry Sistrunk, and Duval Valverde.

- Settlement administration costs: The Claims Administrator's fees shall be paid out of the Settlement Fund.

The "Net Settlement Fund" is the portion of the Settlement Fund that will be allocated among all Class Members. The Net Settlement Fund is the maximum settlement amount minus Court-approved service awards, litigation costs, settlement administration costs, and attorneys' fee. The Net Settlement Fund will be allocated among all Class Members as follows:

- Each Class Member will receive one (1) point for every hour worked at City Winery Pier 57 as a server or bartender between April 3, 2017 and April 30, 2023.

- Each Class Member will receive one (1) point for every hour worked at City Winery Pier 57 as a service assistant between April 3, 2017 and December 31, 2022.

- The Net Settlement Fund will be divided by the total number of points accrued by all Class members to calculate the Point Value.

- Each Class Member's total points will be multiplied by the Point Value to determine his or her share of the Net Settlement Fund.

- No Class Member will be allocated a settlement share that is less than $100. All Class Members who did not work at City Winery Pier 57 as servers or bartenders before May 1, 2023 or as service assistants before January 1, 2023 will receive a settlement share of $100.

- Based on Defendant's records, your individual settlement share is estimated to be $«Rounded_Down_Award_Amount». However, the exact amount you will receive is impossible to determine at this time due to a number of factors.

- Neither Class Counsel nor Defendant nor Defendant's Counsel makes any representations concerning tax consequences of the Settlement or participation in it, and you are advised to seek your own personal tax advice prior to acting in response to this Notice.

- **The settlement checks are expected to be distributed to Class Members in September 2025. If your address changes before that time, please contact the Claims Administrator or Class Counsel to update your address and ensure that you receive your checks.**

- Once settlement checks are issued, they will be valid for 90 days. Class Members may request reissued checks up to 180 days after the last installment settlement checks are issued.

- Any money left over from the distribution of the Net Settlement Fund resulting from checks that were not deposited by Class Members within 180 days after the last settlement checks are issued or 50 days after the last reissued check is issued will be returned to Defendant.

  - For more information about how individual settlement awards are calculated, please contact Class Counsel at Joseph & Kirschenbaum LLP, 32 Broadway, Suite 601, New York, NY 10004, 212-688-5640, mike@jk-llp.com, or the Claims Administrator, *Chapman v. City Winery NY - Pier 57 LLC*, c/o Xpand Legal, PO Box 51570 Irvine, CA 92619, (888) 557-2773, classaction@xpandlegal.com.

**If you do nothing, you will remain part of the case, be sent a payment and be bound by the terms of this Settlement.**

### 6. HOW CAN I COLLECT MY SHARE OF THE SETTLEMENT?

You do not need to do anything to receive the payment identified above. You will be sent a payment unless you exclude yourself by opting out of the settlement class.

If your address changes you are responsible for informing the Claims Administrator in order to receive your settlement check. You may inform Class Counsel or the Claims Administrator at *Chapman v. City Winery NY - Pier 57 LLC*, c/o Xpand Legal, PO Box 51570 Irvine, CA 92619, (888) 557-2773, classaction@xpandlegal.com.

### 7. WHAT IS THE LEGAL EFFECT OF THE SETTLEMENT?

Upon the Effective Date, each Class Member, on his or her behalf and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully releases Defendant and related entities and individuals ("Releasees") from any and all wage and hour claims against Defendant and Releasees that have been brought or could have been brought under the New York Labor Law the New York Hospitality Industry Wage Order, the New York Wage Order for Miscellaneous Industries, the New York Minimum Wage Act, and the New York Wage theft Prevention Act, and or the regulations under such statutes, laws, and wage order, for work performed at or on behalf of City Winery Pier 57 in New York, New York, whether known or unknown, including any such claims for unpaid wages, overtime, tips, gratuities, service charges, administrative or other mandatory charges, failure to maintain and furnish employees with proper Rate of Pay notices and/or wage statements, claims to recover the tip credit, spread-of-hours payments, call-in payments, meal credit claims, uniform maintenance fees, meal break claims, liquidated damages, statutory penalties, and attorneys' fees and costs related to such claims, through the date that the Court issues an Order granting final approval of this Agreement.

In addition, if you cash your settlement check, you will forever and fully release Defendant and Releasees from any and all wage and hour claims against Defendant and Releasees that have been brought or could have been brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. and the regulations thereunder for work performed at or on behalf of City Winery Pier 57, including any such claims for unpaid wages, liquidated

damages, improper taking of a tip credit, and attorneys' fees and costs related to such claims, through the date that the Court issues an Order granting final approval of this Agreement.

## 8. HOW DO I OPT OUT OF THE SETTLEMENT CLASS?

You have the option of opting out of the Settlement Agreement if you do not want to participate in the Settlement or be bound by the release of claims described above. To opt out of the Settlement Agreement you must do so by January 31, 2025. If you do not opt out, you will be bound by the terms of the Settlement Agreement. To opt out, you must mail a signed letter with a statement indicating your intention to opt-out such as: "I opt out of the City Winery Pier 57 wage and hour settlement" postmarked no later than January 31, 2025. You must include your name, address, and telephone number in the letter. If you choose to opt out, send your letter to:

*Chapman v. City Winery NY - Pier 57 LLC*
c/o Xpand Legal
PO Box 51570
Irvine, CA 92619

If you opt-out of the settlement, you will not be bound by the terms of the Settlement Agreement and you will be free to pursue your own claims against Defendant. However, you will not receive any payments pursuant to Settlement Agreement

## 9. WHAT IF I HAVE AN OBJECTION TO THE SETTLEMENT?

If you have not opted out of the Settlement, and if you wish to present objections to the proposed Settlement at the Fairness Hearing, you must first do so in writing. If you object to the settlement and want to appear at the Fairness Hearing, you must say so in your written objection. You are not required to submit an objection. Written objections must be postmarked no later than January 31, 2025 and must be sent to:

*Chapman v. City Winery NY - Pier 57 LLC*
c/o Xpand Legal
PO Box 51570
Irvine, CA 92619

Written objections must contain your name, address, and telephone number, must be signed by you, and must include reference to the matter of *Chapman v. City Winery – Pier 57 LLC, et al.,* Case No. 23 CV 2778. If you opt-out of the settlement, you may not object to the settlement. In addition, if you object to the Settlement Agreement and the Court rejects your objections, you will still be bound by the terms of the Settlement Agreement.

## 10. WHEN IS THE FAIRNESS HEARING?

A hearing before the Honorable Judge Margaret M. Garnett will be held on February 20, 2025 at 9:30 a.m. in Courtroom 906 at the United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007 (the "Fairness Hearing"). The purpose of this hearing will be for the Court to determine whether the Settlement is fair, adequate, and reasonable and should be approved by the Court. The Court may take into account any comments or objections filed in accordance with the procedures described above.

You are not required to attend the Fairness Hearing. Class Counsel will answer questions the Court may have. However, you may attend at your own expense. If you timely send an objection, you don't have to come to Court to talk about it. If you exclude yourself from the settlement by opting out, you may not participate in the Fairness

Hearing. You may also pay your own lawyer to attend, but it is not necessary.

## 11. HOW CAN I EXAMINE COURT RECORDS?

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings. For more detailed information, you are advised to refer to the underlying documents and papers on file with the Court.

Additionally, if you have the questions about this Notice or want additional information, you can contact Class Counsel at Joseph & Kirschenbaum LLP, 32 Broadway, Suite 601, New York, NY 10004, 212-688-5640, mike@jk-llp.com or the Claims Administrator at the address/phone number listed above.