```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/21/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

KE'MON CHAPMAN, on behalf of herself
and others similarly situated,

        **Plaintiff,**

  v.

CITY WINERY NY – PIER 57, LLC,

        **Defendant.**

------------------------------------------------------x

CASE NO. 23 CV 2778 (MMG)

## [PROPOSED] FINAL ORDER APPROVING SETTLEMENT AND OF DISMISSAL WITH PREJUDICE

The Court, having considered the parties' Settlement Agreement and Release dated October 30, 2024 ("Agreement" or "Settlement") and all other materials properly before the Court, and having conducted an inquiry pursuant to Section 216(b) of the Fair Labor Standards Act of 1938 and Rule 23 of the Federal Rules of Civil Procedure, hereby finds and orders as follows:

1. Unless otherwise defined herein, all capitalized terms used in this Order (the "Final Order") will have the same meaning as defined in the Agreement.

2. The Court has jurisdiction over the subject matter of this action, the Plaintiff, the Opt-In Plaintiffs, the Class Members (collectively the "Plaintiffs"), and City Winery NY – Pier 57, LLC ("Defendant," collectively with Plaintiffs, the "Parties").

3. The Court finds that the Settlement was the product of arms-length negotiations between experienced counsel. The Court grants final approval of the Settlement, including the releases and other terms, as fair, reasonable, and adequate as to the Parties and the Class Members (collectively, the "Settling Parties"). The Settling Parties are directed to perform in accordance with the terms set forth in the Agreement.

1

4. The Court finds, for settlement purposes only, that the NYLL Class satisfies the applicable standard for certification under Fed. R. Civ. P. 23 and the FLSA Class satisfies the applicable standard for collective certification under 29 U.S.C. § 216(b).

5. The Court finds that the procedures for notifying the Class Members about the Settlement, including the Class Notice and related documents, constituted the best notice practicable under the circumstances to all Class Members, and fully satisfied all necessary requirements of due process. Based on the evidence and other materials submitted to the Court, the Class Notice to the Class Members provided adequate, due, sufficient and valid notice of the Settlement.

6. Class Counsel's request for attorneys' fees and litigation costs and expenses in this action is approved. Accordingly, Class Counsel are hereby awarded $241,666.66 for attorneys' fees and $18,059.39 for reimbursement of litigation costs and expenses, which the Court finds were reasonably incurred in prosecution of this case.

7. The service awards of $7,500 for Named Plaintiff/Class Representative Ke'Mon Chapman, $7,500 for Opt-In Plaintiff Sheyla Pallet; $1,000 each for Opt-In Plaintiffs Daniel Brooks, Shannon Gonzalez, Steven Hill, Kashir Sims, and Jason Vogel; and $500 each for Opt-In Plaintiffs Jamy Aguilera, Thatcher Ford, Matthew Hendrix, Fathay Kiawu, Terrance Mackie, Christopher Manfugas, Brian Marrero, Jonathan Politz, Nicole Rivera, Jonathan Romero, Whitney Simmons, Henry Sistrunk, and Duval Valverde; the 20 service awards totaling $26,500, are approved to reimburse them for their unique services in initiating and maintaining this litigation.

9. The Court awards the Claims Administrator its reasonable costs in administering the Settlement, subject to Class Counsel's review of the Claims Administrator's invoices, to be paid out of the Settlement Fund.

10. The action is dismissed on the merits and with prejudice, permanently barring the Plaintiffs, Opt-In Plaintiffs, and all other Class Members who have not opted out from filing, commencing, prosecuting, or pursuing the claims Released by the Agreement whether or not on a class or collective action basis, or participating in any class or collective action involving such claims.

11. Without affecting the finality of this Final Order, the Court reserves continuing and exclusive jurisdiction over parties to the Settlement Agreement to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the parties.

12. This dismissal with prejudice shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: February 21, 2025

_____
HON. MARGARET M. GARNETT
UNITED STATES DITRICT JUDGE